**John B. WILSON and Jane W. Wilson, Plaintiffs-Respondents,**

v.

**Charles L. MOORE, Administrator of the Estate of Carlyle C. Friton, Deceased, Defendant-Appellant.**

**No. 35690.**

Missouri Court of Appeals, St. Louis District, Division Two.

April 1, 1975.

Rehearing Denied May 19, 1975.

Heneghan & Roberts, Inc., George F. Kosta, Jay G. Newquist, St. Louis, for defendant-appellant.

Thomas R. McGinnis, William M. Ward, William M. Ward, Jr., St. Louis, Carson, Inglish, Monaco and Coil, Cullen Coil, Jefferson City, for plaintiffs-respondents.

SMITH, Chief Judge.

Defendant appeals from a verdict and judgment in favor of plaintiffs in a personal injury case. Defendant's only attack on appeal is upon the sufficiency of the evidence to support a humanitarian negligence case of failure to slacken speed or swerve.

Since we review the evidence in the light most favorable to plaintiffs, we will set forth only the evidence favorable to plaintiffs. Plaintiff John Wilson was on his way from his home to a store, on foot. He was in his late sixties but in good health. He reached a point on Sappington Road in Glendale where he wanted to cross Sappington Road. The point of crossing was in the middle of the block about 200 feet south of Manchester Road. At that point Sappington Road is 30 feet wide. Wilson crossed from west to east. Upon reaching the center of Sappington Road, Wilson saw defendant's decedent's (Friton) car, some undetermined distance away, believed he had time to cross and proceeded on. From the center line to the east curb line of Sappington at that point is 14 feet 2 inches. Wilson reached a point where he was in the process of putting one foot on the east curb when he was struck. His walking speed was described as "abnormally slow" by one witness and by others, including Wilson as normal. Friton's speed was unknown to any witness, the nearest estimate being "a rather fast pace." Friton, who was dead at trial time, did not sound a horn, did not apply his brakes or slow down prior to the collision. His only change of direction was a slight swerve to the right—into Wilson. The day was clear and dry; the accident occurred in the afternoon. Friton's statement at the scene was:

"I saw the man crossing the street. He apparently, from what I could figure, was all the way across. He must have hesitated at the last moment."

■ Defendant contends the point of immediate danger occurred when Wilson reached the middle of the northbound lane because he was not oblivious until then. We disagree. Wilson's point of immediate danger could be found by a jury to have occurred when he crossed the center line of Sappington Road "regardless of any obliviousness which would have extended his zone of peril." Leap v. Gangelhoff, 416 S.W.2d 65 (Mo.1967) [4–6]. At that point he was actually in the path of Friton's automobile. See Dister v. Ludwig, 362 Mo. 162, 240 S.W.2d 694 (banc 1951) [9]. From that point he walked 14 feet then was struck. At the judicially noticed 2 to 3 miles per hour such walking required between 3 and 4 seconds; and if "abnormally slow"—more. Wilson was in an "almost escaping" situation where the slightest slowing or slightest swerve by Friton would have prevented the accident. Excluding reaction time Friton had between 2¼ and 3¼ seconds to avert the accident. It is reasonable for a jury to infer that some slight slowing or swerve could have been accomplished in that time regardless of Friton's speed or position.

". . . [i]t must be recognized that in some situations 'the facts speak for themselves without the aid of expert evidence, as where the evidence shows that the plaintiff's vehicle had but barely failed to get in the clear before the occurrence of the collision, so that only the least additional time would have enabled the plaintiff to make his escape.'" Schmittzehe v. City of Cape Girardeau, 327 S.W.2d 918 (Mo.1959) [7, 8].

■ There was uncontroverted evidence that there was a southbound vehicle in the southbound lane of Sappington in close proximity to Wilson's path. But a jury could reasonably conclude that a slight swerve sufficient to avoid the accident could be made by a driver exercising the highest degree of care in a 14 foot wide lane without crossing the center line. In fact, had Friton merely swerved back to his straight path or remained in it the accident would have been averted.

Judgment affirmed.

KELLY and STEWART, JJ., concur.