**Bryan Thomas TURNER, a minor By and Through his next friend, Ollie May Turner, and Ollie May Turner, Appellants,**

v.

**Richard Franklin SORRELS, Jr., Respondent.**

**No. WD 31973.**

Missouri Court of Appeals, Western District.

Sept. 1, 1981.

Opinion Modified Oct. 13, 1981.

Per Curiam On Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 13, 1981.

Application to Transfer Denied Dec. 14, 1981.

William Brandecker and Ronald E. Smull, Columbia, for appellant.

Hamp Ford, Columbia, for respondent.

Before KENNEDY, P. J., SOMERVILLE, C. J., and SHANGLER, J.

KENNEDY, Presiding Judge.

This is an appeal by plaintiffs from an order granting to defendants a new trial in a personal injuries action for damages, in which plaintiffs had received verdicts, and also an appeal by injured plaintiff Bryan Turner from a judgment for $50, on the ground of inadequacy of the verdict.

We reverse both the order granting a new trial, and the judgment in favor of plaintiff Bryan Turner and remand the Bryan Turner case for retrial upon the issue of damages only.

Plaintiffs were Bryan Thomas Turner, a 16-year-old high school student at the time of the accident, and his mother, Ollie May Turner. Bryan was among several high school students who were crossing Providence Road in Columbia, Missouri, on foot when he was struck by defendant Sorrels driving his Pontiac Firebird automobile. Bryan was seriously injured. The case was submitted upon the humanitarian theory, hypothesizing defendant's negligent failure to stop or to slacken speed.

The jury returned a verdict for Bryan for $50 and for his mother for $8,457.38, the amount of the medical bills.

Defendant filed a motion for judgment in accordance with his motion for directed verdict, and in the alternative a motion for a new trial upon a variety of grounds. The court overruled plaintiff Bryan Turner's motion for a new trial upon the issue of damages only. Defendant's motion for a new trial as against both Bryan and his mother was sustained, on the ground that the plaintiffs had failed to prove an element of their humanitarian case, namely, that the defendant had sufficient time in which to stop or slacken speed in time to avoid the accident after he saw or could have seen the plaintiff in a position of immediate danger—in short, for the failure of the plaintiffs to make a submissible case on the theory submitted.[1] The parties' briefs have joined issue upon that question.

■ Setting aside a verdict for lack of a submissible case is a non-discretionary ground. *Bayne v. Jenkins*, 593 S.W.2d 519, 530 [6–8] (Mo. banc 1980); *Bierman v. Langston*, 304 S.W.2d 865, 867 (Mo.1957).

■ We first take up the court's order granting a new trial to the defendant, and consider whether the plaintiffs made a submissible case upon the humanitarian theory. In reviewing the evidence for this purpose, we consider only the evidence favorable to the verdict, disregarding evidence contrary thereto. *Epple v. Western Auto Supply Co.*, 548 S.W.2d 535, 538 (Mo. banc 1977); *Schmittzehe v. City of Cape Girardeau*, 327 S.W.2d 918, 922 [2] (Mo.1959). We have determined that the plaintiffs made a submissible humanitarian case and we reverse the court's order granting a new trial.

The facts were as follows:

Plaintiff Bryan Thomas Turner, as noted earlier, was crossing Providence Road in Columbia on foot, one of a group of Hickman High School students. The date was

---

1. The court's order reads as follows: "Plaintiffs Motion For New Trial on Count I on issues of damages overruled. Defendants Motion for New Trial on Count I and Count II sustained. Court expressly finds that there is no evidence as to the distance between plaintiff and defendants motor vehicle at the time plaintiff moved from position of safety to one of imminent peril, except testimony of witness, Brenda Abernathy that when first saw plaintiff was 10–15 feet away and defendant who testified that when he saw 'Something red move', was just a 'split second' before accident. Court expressly finds that jury must speculate as to distance of defendants vehicle from plaintiff at time plaintiff moved to position of immediate danger. New trial ordered on Counts I and II."

January 11, 1978. They had gotten lunch at a Dairy Queen and were returning to the school after lunch. At the point at which they were crossing Providence Road, there was no intersection or pedestrian walkway. The street was four traffic lanes wide, each traffic lane ten feet two inches in width. Bryan and the other students were crossing from the west side of the street, where the Dairy Queen was located, to the east side of the street. Bryan was in the lead of the group of students. He had negotiated the two west lanes, carrying southbound traffic, and had reached the middle of the street. A northbound red van stopped to allow Bryan and the others to pass in front of it. The left front wheel of the van was on the line marking the middle of the street. Bryan walked in front of the van and stopped before crossing the easternmost lane. He was slightly past the right-hand side of the van, but close enough that if the van had moved forward the mirror would have struck him, and three or four feet in front of it. He estimated that he was fourteen feet or fifteen feet from the curb on the east side. He looked to the south and saw no traffic approaching. He did see a gray car stopping at the exit of the Hickman High School parking lot before entering the highway. The parking lot was located on the east side of Providence Road and its entrance was 100 feet south of where Bryan was standing. Bryan looked north, then back south, then proceeded on across the highway, "running more or less at a jog", "running about half-speed". He testified on the basis of later experiments that it took him two seconds to cover the distance from where he started to the east curb. He testified that just as he reached the east curb with his left foot upraised to step on the curb, he was struck by defendant's automobile. His injuries will be discussed later.

Defendant, who was also a high school student, testified that he never saw Bryan until he was fourteen or fifteen feet away from him, and at that time Bryan had already passed the middle of his car. He estimated his speed at 20 miles per hour, and said he was still in second gear when the collision occurred. Defendant said once that he applied the brakes when he heard the impact, and at another time said that he applied the brakes when he saw Bryan. In any case, the car came to a stop within about a car's length beyond the point of the impact.

The foregoing evidence makes a submissible case for the plaintiffs upon the humanitarian theory. The jury could have believed that the plaintiff came into a position of immediate danger, and that defendant could have seen him, when he began to run from his starting place, fourteen or fifteen feet west of the east curb line. The place where the plaintiff's immediate danger begins is a question for the jury. *Schmittzehe v. City of Cape Girardeau*, supra at 924; *Yarrington v. Lininger*, 327 S.W.2d 104, 109 (Mo.1959), and may begin before the plaintiff enters the path of the automobile, where the plaintiff is evidently not aware of the approach of defendant's automobile and is evidently going to enter its path. *White v. Gallion*, 573 S.W.2d 682, 685 (Mo. App.1978). They could have believed under the evidence that defendant thereafter had two seconds in which to take evasive action; that defendant at the time he could have seen Bryan in a position of immediate danger and came under a duty to take evasive action, was traveling 20 miles per hour or less, and was therefore 58.40 feet from the point of impact.

At a speed of 20 miles per hour, the defendant would have traveled 21.90 feet in the reaction time of three-quarters of a second. There was evidence from which the jury could have found that he could have stopped the car in a braking distance of 20 feet. Add the braking distance to the reaction distance for a total of 41.90 feet in which defendant could have brought his car to a stop after he could have seen plaintiff in a position of immediate danger. The jury could well have believed that after he could have seen plaintiff in a position of immediate danger, he could have brought his car to a stop 16.50 feet short of the point of impact.

It can be seen that if the case had been submitted only on defendant's failure to stop, plaintiff would have made a submissible case. But plaintiff was only one step from safety, bringing him within the "almost escaping" cases. Defendant need not have brought his car to a complete stop in order to avoid the accident, but need only have slackened his speed to have allowed plaintiff to escape. We do not need to make any nice mathematical calculations to show that if defendant could have stopped within the duty zone, he could more certainly have slackened speed enough to allow plaintiff to escape. *Losh v. Benton*, 382 S.W.2d 617, 619 (Mo.1964); *Fultz v. Southwestern Bell Telephone Co.*, 382 S.W.2d 24, 28 [3] (Mo.App.1964).

The unknown distance in which the defendant could have seen the plaintiff in a position of immediate danger can therefore be calculated on the basis of known times and distances. Arriving at the distance by that method is not speculation but is evidence which will carry the case to the jury. *Burns v. Maxwell*, 418 S.W.2d 138, 141 (Mo. 1967); *Stith v. St. Louis Public Service Co.*, 363 Mo. 442, 251 S.W.2d 693, 698 (1952); *White v. Gallion*, supra at 685–686; *Wilson v. Moore*, 523 S.W.2d 580, 581 (Mo.App. 1975); *Robinson v. Richardson*, 484 S.W.2d 27, 29 (Mo.App.1972); *Fultz v. Southwestern Bell Telephone Co.*, supra 382 S.W.2d 24 (Mo.App.1964). Defendant's case of *Farnham v. Boone*, 431 S.W.2d 154 (Mo.1968), is not in point, for the evidence in that case left open to speculation the times, speeds and distances from which the missing facts could be supplied.

We hold that plaintiffs made a submissible case on the submitted humanitarian theory, and that the court erred in ordering a new trial.

■ Plaintiff Bryan Thomas Turner complains also of the court's overruling his motion for new trial on the issue of damages only. The trial court very likely did not consider that request closely, having granted defendant's motion for a new trial on all issues. A motion for a new trial on the issue of damages only, on the ground of an inadequate damage award, is addressed to the trial court's discretion as an allegation that the verdict is against the weight of the evidence. *Plas-Chem Corp. v. Solmica, Inc.*, 434 S.W.2d 522, 527 [1, 2] (Mo.1968); *Wessels v. Smith*, 362 S.W.2d 577, 579 [4] (Mo. 1962); *Goodin v. May*, 474 S.W.2d 33, 34 [1–3] (Mo.App.1971).

■ The trial court's denial of a motion for a new trial on the issue of damages only was an abuse of discretion. The plaintiff suffered a broken right leg and a dislocated and chipped shoulder. He was hospitalized first for 10 days for the insertion of a metal bar in his leg and two metal screws in his shoulder. The femur did not heal and he underwent bone graft surgery with a 13-day hospital stay. In June of 1975 he was in the hospital another three days for the removal of the metal bar and the metal screws. His recovery required six to eight weeks in a wheelchair and two stints with crutches, one for six to eight weeks and one for four to six weeks. He lost a semester in school. His back, leg and shoulder all bear large scars. At the time of trial, more than two years after the collision, he still had leg and shoulder pain. The medical expenses were $8,457.38, which the jury awarded to Bryan's mother. The award of $50 was plainly inadequate. *See Womack v. Crescent Metal Products, Inc.*, 539 S.W.2d 481, 485 [5] (Mo.App.1976), and see the following cases, where trial court *granted* new trial on issue of damages only, on account of inadequacy of verdict: *Nance v. Kimbrow*, 476 S.W.2d 560 (Mo.1972); *Williams v. Kansas City*, 274 S.W.2d 261, 263 (Mo.1955).

The order sustaining defendant's motion for a new trial on Counts I and II of the petition is set aside, and the case is remanded to the trial court for the reinstatement of the verdict and the judgment based thereon. The resultant judgment in favor of plaintiff Bryan Thomas Turner against the defendant is affirmed with respect to liability, but reversed for inadequacy of damages. The cause is remanded for a new trial upon the claim of plaintiff Bryan Thomas Turner for damages against defendant, upon the issue of damages only.

All concur.

MOTION FOR REHEARING and/or
TRANSFER TO SUPREME COURT

PER CURIAM.

Respondent in his motion for rehearing charges us with having overlooked plaintiff's testimony "that defendant was stopped 100 feet from the point of impact at a driveway facing in a westerly direction when plaintiff commenced to run in an easterly direction across the 14 or 15 feet of the north-south street". Respondent says that the plaintiff is bound by this testimony.

■■■ A party is not bound by his estimates of times, distances and speeds, *Sundermeyer v. Lentz*, 386 S.W.2d 16 (Mo. 1964); *McDonough v. St. Louis Public Service Co.*, 350 S.W.2d 739, 744 (Mo.1961), which is not at odds with his theory of the case. In this case, the defendant's car's being stopped in preparation for driving into the highway at a point 100 feet distant from plaintiff at the time plaintiff began to run across the east traffic lane, is inconsistent with all the rest of the testimony in the case. As a matter of fact the "gray car" which was stopped at the parking lot exit was never positively identified as the car which struck plaintiff. If it had been defendant's car, and if it had been stopped 100 feet away when plaintiff began his two-second jog to the point of impact, it would have had to start from its stopped position, make a right turn onto the highway and travel the 100 feet to the point of impact at an average speed of 32 miles per hour. At a constant rate of acceleration it would have reached a speed of 64 miles per hour at the time of the impact. This is entirely inconsistent with all the other evidence in the case, is not inconsistent with plaintiff's theory, and plaintiff was not stuck with it. (Compare *Fisher v. Gunn*, 270 S.W.2d 869, 873–874 (Mo.1954), where a plaintiff was held foreclosed from relying upon defendant's estimate of low speed which was at war with his own evidentiary theory of high speed.)

The motion for rehearing is overruled. The motion to transfer to Supreme Court is denied.