**Wayne and Bonnie BILDERBACK, Respondents/Cross–Appellants,**

v.

**SKIL CORPORATION, Appellant/Cross– Respondent.**

**Nos. 62269, 62270.**

Missouri Court of Appeals, Eastern District, Division Three.

May 18, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 15, 1993.

Application to Transfer Denied July 22, 1993.

Kenneth R. Heineman, Bruce David Ryder, John B. Kinsella, St. Louis, for appellant.

Robert H. Wendt, St. Louis, for respondents.

GARY M. GAERTNER, Presiding Judge.

Appellant, Skil Corporation, appeals entry of a judgment on a jury verdict in the Circuit Court of the City of St. Louis, in favor of respondents, Wayne and Bonnie Bilderback, on their strict products liability claim. We affirm.

Wayne Bilderback, respondent herein, was a 58 year old carpenter. On March 9, 1990, he was performing remodeling work for a customer with his son, Scott. At the time of the accident, respondent was cutting baseboard trim using a power miter saw manufactured by appellant. It was respondent's testimony that, just as he was about to cut the trim, his son called out to him that he had an incorrect measurement. Respondent turned to look at his son, inadvertently moving his left hand to the right. He felt a stinging sensation in his left forearm just above the wrist, so he turned back and saw his severed left hand lying on the floor. Respondent yelled and stood up, pushing down on the saw as he did so, cutting the trim in two. Respondent's son then rushed him to a local hospital.

It is respondent's theory that he accidentally moved his forearm into the front of the saw blade, causing the amputation, and that the severed hand was flung around by the high-speed saw blade and thrown into the fence or back wall of the cutting surface. The impact with the fence caused a secondary injury to respondent's hand, shattering all of the metacarpal bones at the middle of the palm and producing a deep gash.

Respondents filed their first amended petition on August 30, 1991, seeking actual and punitive damages from appellant on theories of negligence and strict liability. Respondents also sued E.C. Barton & Company, retailer of the saw, and Vera Downs, the salesperson, for negligence. On March 2, 1992, respondents dismissed their claims against both E.C. Barton & Company and Vera Downs.

The case went to trial on March 4, 1992, on claims of personal injury, punitive damages and loss of consortium based on strict products liability. At the close of respondents' case, appellant moved for a directed verdict which the trial court granted on the punitive damages claim only. Appellant moved for a directed verdict once again at the close of all of the evidence, but the court denied the motion entirely.

On March 12, 1992, the jury returned a verdict in favor of respondents assessing

fault at 60 percent for appellant and 40 percent for respondents. The jury set the total amount of damages for the injury at $160,000.00, and assessed Bonnie Bilderback's damages at $10,000.00. The court entered judgment that same day, awarding $96,000.00 to Wayne Bilderback, and $10,000.00 to Bonnie Bilderback. The court later corrected Bonnie Bilderback's award to $6,000.00 via an order *nunc pro tunc.*

Appellant filed its motion for judgment N.O.V. on March 26, 1992, and respondents filed their motion for new trial or additur on March 27, 1992. The court denied both motions on June 10, 1992. Both parties have appealed.

■ On appeal, appellant argues only that the trial court erroneously denied its motion for judgment N.O.V. Skil claims that respondents failed to make a submissible case because respondents did not prove Wayne Bilderback's hand contacted the saw blade in the allegedly defective area. For a plaintiff to recover in a products liability case for injuries caused by an allegedly defective product, he must establish: (1) defendant sold the product in the course of defendant's business; (2) the product was then in a defective condition unreasonably dangerous when put to a reasonably anticipated use; (3) the product was used in a manner reasonably anticipated; and (4) plaintiff was damaged as a direct result of such defective condition as existed when the product was sold. MAI 4th 25.04.

■ We review a case for submissibility by considering all evidence in the light most favorable to the plaintiff. *Fahy v. Dresser Industries, Inc.,* 740 S.W.2d 635, 638 (Mo. banc 1987). In addition, the plaintiff receives the benefit of all reasonable inferences, and all contrary evidence and inferences are disregarded. *Id.*

In the case before us, respondent's expert witness, Boulter Kelsey, testified to his opinion that the miter saw respondent was using was defective because its blade had a negligently designed guard. Kelsey testified further that this defect was the direct and proximate cause of respondent's injury.

■ An expert's opinion must have a substantial basis in facts actually established. *Fahy,* 740 S.W.2d at 638. Appellant contends the required "substantial basis" is lacking here because respondent did not actually see the saw amputate his hand. We disagree. In *Fahy,* a young man was operating an asphalt roller on a paving project. Several co-workers saw him in the driver's position on the roller. Several minutes later, his crushed body was found behind the still-moving piece of equipment. The court held that the evidence, viewed in the light most favorable to the plaintiff, was sufficient to prove young Fahy was in the driver's position immediately before the accident and that he fell off and was run over by the roller. *Id.*

■ In the case before us, we have a similar situation in that nobody actually saw the accident. However, respondent did feel the saw's cut. He experienced the accident not through his vision, but with his tactile sense. Respondent is thus able to testify about the accident from direct experience and personal knowledge. This grounding of respondent's testimony is enough to remove it from the realm of mere speculation and conjecture. The case of *Graham v. Conner,* 412 S.W.2d 193, 203 (Mo.App., Spfd.D.1967), states that facts essential to submissibility may rest only on the evidence or inferences reasonably drawn therefrom. The inference that respondent's hand contacted the blade at the point where the guard would not have protected him is certainly reasonable. Appellant's point is denied. Because respondent's testimony is sufficient to make a submissible case and lack of a submissible case was appellant's only claim, the remainder of appellant's argument is moot.

On cross-appeal, respondents first claim the court erroneously denied their motion for new trial on the issue of damages. Respondents based their claim on *Turner v. Sorrels,* 624 S.W.2d 82, 86 (Mo.App., W.D.1981), in which the court reversed the judgment of the trial court for inadequacy of damages.

A motion for new trial on the issue of damages only, due to an allegedly inadequate damage award, is addressed to the trial court's discretion as a claim that the verdict is against the weight of the evidence. *Turner*, 624 S.W.2d at 86. The day is past when Missouri appellate courts closely scrutinize amounts awarded by juries for personal injuries. *Fowler v. Park Corp.*, 673 S.W.2d 749, 758 (Mo. banc 1984). The amount awarded to a party is primarily for the jury, and its broad discretion in this area is conclusive on appeal, especially where the verdict has the approval of the trial court as evidenced by an order overruling a motion for new trial. *Roark Motor Lodge Interval Sales v. Lindner*, 779 S.W.2d 684, 686 (Mo.App., E.D.1989). Thus, a verdict which has been approved by the trial court will be reversed for inadequate damages only when the verdict is so shocking and grossly inadequate it must have been due to passion and prejudice on the part of the jury. *Barr v. Plastic Surgery Consultants Ltd.*, 760 S.W.2d 585, 588 (Mo.App., E.D.1988).

A brief review of *Turner* gives us an example of just such a case. The plaintiff, a 16 year old boy, was crossing a street with other children when he was hit by a car. He suffered severe injuries, including a broken leg and a dislocated and chipped shoulder. He had a metal bar inserted into his leg and two screws put into his shoulder. In addition, he required bone graft surgery. His recovery required at least six weeks in a wheelchair and another ten weeks on crutches. More than two years after the accident, he still complained of tremendous shoulder and leg pain. In view of these injuries, the jury's award of $50.00 was "plainly inadequate."

It is for cases such as *Turner* that this remedy exists. In the instant case, respondent's expert opined respondent's damages to be between $171,820.00 and $295,563.00. The jury determined respondent's damages to be $160,000.00. While the jury's award was on the low side of respondent's damage estimates, it was almost within the range, and we cannot say the instant award is shockingly and grossly inadequate. Point denied.

For their last point on cross-appeal, respondents contend the court erroneously granted a directed verdict on their punitive damages claim. We disagree. In a Missouri products liability action, punitive damages are recoverable only if the defendant had actual knowledge of the defect and the danger, and showed complete indifference or conscious disregard for the safety of others by selling the product anyway. MAI 10.04; *Angotti v. Celotex Corp.*, 812 S.W.2d 742, 746 (Mo.App., W.D. 1991). Punitive damages can be awarded only when the defendant knew there was a high probability that the defect would result in injury. *Hoover's Dairy, Inc. v. Mid–America Dairymen*, 700 S.W.2d 426, 436 (Mo. banc 1985). We do not think the testimony shows either the required level of knowledge or the required level of culpability to warrant the imposition of punitive damages. The facts simply do not satisfy the very high burden required. Point denied.

The judgment of the circuit court is affirmed in all respects.

SMITH and STEPHAN, JJ., concur.