**Patricia DECK and John Deck, Appellants,**

v.

**S. Robert KOVAC and S.G. & O., Inc., Respondents.**

No. 62674.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 2, 1993.

W. Morris Taylor, William K. Meehan, Clayton, for appellants.

A. Stephen Pernoud, Patricia A. Manhart, St. Louis, for respondents.

CRIST, Judge.

In a medical malpractice case, the jury found Robert Kovac, M.D. (Defendant), negligently performed a vaginal hysterectomy and bilateral salpingo-oophorectomy in October of 1987 by failing to remove a portion of Plaintiff Patricia Deck's left ovary. However, the jury assessed her damages at $1.00, allowing no damages for past economic damages, including past medical damages, and future non-economic damages. Patricia Deck appeals the jury's award of $1.00 as grossly and shockingly inadequate. Her husband, who lost his claim for loss of consortium, does not join in this appeal.

Plaintiff sought treatment from Defendant in the fall of 1987 after she had experienced pelvic pain, irregular menstrual cycles, and painful sexual intercourse for over a year. After an examination, Defendant diagnosed her condition as endometriosis, a condition afflicting the lining of the uterus. Defendant recommended a hysterectomy. Prior to surgery, Defendant performed a diagnostic laparoscopy, where an instrument is inserted into the abdomen through the umbilicus to examine the pelvis prior to surgery. At this time, Defendant classified Plaintiff's endometriosis as stage three on a scale of one to four, with four being the most advanced.

On October 15, 1987, Defendant performed a vaginal hysterectomy bilateral salpingo-oophorectomy to remove all of Plaintiff's reproductive organs. Afterward, he informed Plaintiff he had removed both ovaries because of the endometriosis. Defendant's postoperative notes also reveal he removed both ovaries.

In November of 1987, Plaintiff again began experiencing pelvic pain. After consulting with Defendant, he indicated she was still experiencing surgical pain. In May of 1988, Plaintiff, who was still experiencing pelvic pain, consulted a new physician, James Ottolini, M.D. Plaintiff testified at this time she was experiencing general pain throughout the pelvic region, with severe sharp pain centered on her right side.

In July of 1988, Dr. Ottolini performed a laparoscopy to ascertain Plaintiff's problem.

Dr. Ottolini observed white hemorrhagic tissue about the size of an M & M candy on her right side, which he believed resembled an ovary. After attempting hormone therapy, Dr. Ottolini performed abdominal surgery on Plaintiff. The hemorrhagic tissue on the right side was found to be only scar tissue. However, at this time, Dr. Ottolini further discovered a white mass of tissue resembling an ovary on Plaintiff's *left side,* as well as a small portion of the fallopian tube and a tiny rubber ring left over from a previous tubal ligation. The pathology report subsequently revealed the white mass was ovary tissue which contained cystic follicles.

In addition, Plaintiff had also requested her appendix be removed during this surgery. While the appendix appeared normal, the pathologist discovered inflammation indicating acute appendicitis.

After the second surgery, Plaintiff was without pain for almost two years until the summer of 1990. While the pain prior to the second surgery had been centered on the right side, Plaintiff now experienced pain on her left side. On September 28, 1990, Dr. Ottolini performed a laparoscope and observed adhesions from the intestine down the middle of the abdominal wall. Dr. Ottolini used a laser to remove the adhesions. While removing the adhesions, Dr. Ottolini also burned a small hole in Plaintiff's bladder. This required surgical repair and additional time in the hospital.

On January 14, 1990, Plaintiff and her husband filed suit against Defendant, his corporation, St. John's Mercy Medical Center, and Jeffrey Whightsel, M.D. In that petition, Plaintiff alleged Defendant had been negligent because he had not removed her left ovary in the vaginal hysterectomy and bilateral salpingo-oophorectomy he performed. As a consequence, Plaintiff averred she had endured subsequent medical procedures and surgeries, incurring medical expenses in excess of $15,000 and lost wages of $1,500.

At trial, Dr. Ottolini and David L. Gearhart, M.D., both testified Defendant had deviated from the general standard of care by performing a vaginal hysterectomy instead of an abdominal hysterectomy. Both stated an abdominal hysterectomy should always be used to remove stage three endometriosis, because of the limited visualization of a vaginal hysterectomy.

The jury found in favor of Plaintiff, finding Defendant had been negligent in failing to totally remove Plaintiff's left ovary. The jury assessed Plaintiff's total damages at $1.00, allowing no damages for past economic damages, including past medical damages, and future non-economic damages. The jury assessed Plaintiff's past non-economic damages at $1.00. The trial court summarily overruled Plaintiff's motion for a new trial on the issue of damages.

On appeal, Plaintiff asserts the trial court abused its discretion in overruling her motion for new trial because the jury's award of $1.00 in damages was grossly and shockingly inadequate.

██ Wide discretion is vested in the trial court to rule on a motion for new trial on the grounds of inadequacy of the verdict. *Kenniston v. McCarthy,* 858 S.W.2d 268, 271[6] (Mo.App.1993). Further, our review of the trial court's decision is limited only to considering evidence which would support its action. *Id.* at 271[7].

██ Because the amount of damages to be awarded to a plaintiff involves questions of witness credibility and the weight to be accorded testimony, it is primarily within the province of the jury. *Roark Motor Lodge I. Sales v. Lindner,* 779 S.W.2d 684, 686[3] (Mo.App.1984). Furthermore, where the jury's verdict has the approval of the trial court, its discretion is virtually conclusive. *Id.* An award of damages will be reversed for inadequacy only where the amount awarded is "so shocking and grossly inadequate it must have been due to the passion and prejudice on the part of the jury." *Bilderback v. Skil Corp.,* 856 S.W.2d 73, 76[6] (Mo.App.1993).

In supporting her argument the $1.00 award is shocking and grossly inadequate, Plaintiff relies on several cases. Without considering each one individually, we note that in each of these cases the plaintiff suffered extensive injuries which had only one

apparent cause, the defendant's negligence. *See, Pinkston v. McClanahan,* 350 S.W.2d 724, 729[6] (Mo.1961) (award of medical bills plus $288.80 for pain and suffering was inadequate where the plaintiff had extensive injuries from an automobile accident, including multiple fractures); *Hufft v. Kuhn,* 277 S.W.2d 552, 555[6] (Mo.1955) (award of $1,000 inadequate for six-year-old boy who had suffered multiple lacerations on the face and head, two fractured ribs, and a ruptured spleen in an automobile accident); *Knothe v. Belcher,* 691 S.W.2d 297, 299–300[3] (Mo.App. 1985) (award of $5,000 to a boating accident victim with broken back was grossly inadequate where jury allowed nothing for pain and suffering and operator of boat was sole cause of injury); and *Turner v. Sorrels,* 624 S.W.2d 82, 86[5] (Mo.App.1981) (an award of $50 to a student who was struck by an automobile and suffered a broken leg and dislocated and chipped shoulder was grossly inadequate due to extensive injuries and long period of recovery).

Defendant, however, argues the award is not grossly inadequate because evidence was introduced of other possible causes of her pain. He asserts the jury could have found Plaintiff had inconsequential damages from Defendant's negligence and her pain arose from other conditions.

■ We agree with Defendant. Extensive evidence was presented to prove Plaintiff's pain after the surgery performed by Defendant was related to one or a combination of various other pre-existing conditions such as pelvic inflammatory disease, adhesions unrelated to negligence, a subsequent appendectomy, and injuries received in an automobile accident, rather than from the remaining ovary. Prior to the hysterectomy in October 1987, Plaintiff had incurred a generalized pain in her pelvic area for over one year. Following the hysterectomy, Plaintiff consulted with Dr. Ottolini, complaining of pain primarily in her *right side.* She also indicated she was having back pain and numbness due to a prior back injury in 1982. Abdominal surgery in October 1988 revealed a portion of Plaintiff's ovary remained on her *left side* and only scar tissue existed on the right side. The surgery also revealed Plaintiff had

no remaining endometriosis. Plaintiff's appendix was also removed and later determined to be acutely inflamed, which could have manifested itself with pain in her right side. Following the second surgery in October of 1988, Plaintiff was without pain until the summer of 1990. At that time, she began to complain of an all-over generalized pain. In the interim between October of 1988 and the summer of 1990, Plaintiff hurt her back and received surgery on it.

Evidence existed of another cause for the Plaintiff's damages. From that evidence the jury could have found Defendant was liable for having left part of Plaintiff's ovary, but her damage was inconsequential. *See, Leasure v. State Farm Mut. Auto. Ins. Co.,* 757 S.W.2d 638, 640[2] (Mo.App.1988) (in light of conflicting evidence, the jury was free to accept or reject all or part of the plaintiff's damages); *Summers v. Fuller,* 729 S.W.2d 32, 34[4] (Mo.App.1987) (jury could conclude the plaintiff's pre-existing condition was cause of her pain); *Midwest Library Serv. v. Structural Systems,* 566 S.W.2d 249, 253[7] (Mo.App.1978). Therefore, we do not find the verdict to be shocking or grossly inadequate. The trial court did not err in allowing the verdict to stand.

Judgment affirmed. As a result of the insufficient transcript on appeal prepared by Plaintiff, Defendants were compelled to expend their own money to have the remaining portions of the trial testimony prepared by the court reporter and filed with this court. Plaintiff should pay the costs thereof. Rule 84.18.

CRANDALL, P.J., and REINHARD, J., concur.