**Robert WRIGHT, Appellant,**

v.

**Kandy LONG, Respondent.**

**No. WD 52909.**

Missouri Court of Appeals,
Western District.

Submitted April 30, 1997.

Decided Aug. 26, 1997.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 30, 1997.

Application to Transfer Denied
Nov. 25, 1997.

Charles R. Buckley, Independence, for appellant.

Lance W. LeFevre, Kansas City, for respondent.

Before BERREY, P.J., and SPINDEN and SMART, JJ.

PER CURIAM.

Robert Wright appeals a judgment he obtained in his personal injury action. Mr. Wright claims that the damages awarded were grossly inadequate and that the damage verdict was against the weight of the evidence. Mr. Wright claims that the trial court abused its discretion in denying his motion for new trial because the jury awarded damages only for medical bills despite extensive evidence of pain and suffering and loss of enjoyment of life. Because we find the jury could have chosen to use the amount of the claimed special damages as a convenient way to discount the overall claim, and because the jury was not required to believe all of the evidence, we affirm.

On August 19, 1983, while pumping gas at a service station, Mr. Wright was allegedly struck by a car driven by Kandy Long. Ms. Long disputed the assertion that her vehicle struck Mr. Wright. Mr. Wright was taken to North Kansas City Hospital, x-rayed and released. He was off work for three days. Two weeks after the accident, Mr. Wright went to see Dr. Ireland Kimball. Dr. Kimball ordered further x-rays which were taken on September 16, 1983. These x-rays showed a nondisplaced fracture of the right sacrum of indeterminate age. Dr. Kimball referred Mr. Wright to Dr. Roger Jackson, an orthopaedic surgeon. Dr. Jackson's examination of Mr. Wright showed Mr. Wright to be completely normal. Dr. Jackson ordered a bone scan, an electromyogram (EMG) and a CAT scan. The bone scan and the EMG were normal. The CAT scan showed a subtle fracture of the sacrum. A second EMG, performed at the request of Dr. Maria Legarda in July, 1985, was also found to be normal.

In March 1988, Mr. Wright consulted Dr. Charles Vilmer about the pain that he was

having in his hip and back. Dr. Vilmer's examination was normal save for a tenderness over the back side of the sacroiliac trigger area. An MRI ordered by Dr. Vilmer showed a degenerative disk. Dr. Vilmer prescribed a series of epidural blocks and referred Mr. Wright to Dr. Revis Lewis for consideration of a myelogram. Dr. Lewis ordered a CT scan, which was normal. Dr. Glenn Barr examined Mr. Wright at the request of defendant's counsel. He found that examination results were entirely within the normal limits except for some tenderness over the left buttock. When asked his opinion concerning Mr. Wright's back, Dr. Glenn opined that it was not possible to tell how much pain was caused by the injury as opposed to the degenerative disk.

At trial, Mr. Wright presented evidence as to his pain and suffering. His athletic activities and participation in sports with his children have been curtailed. He also presented evidence that he has trouble walking distances, going up and down stairs, and getting in and out of the car and the shower. Following trial of the matter, the jury found in favor of Mr. Wright and assessed damages at $4,059.40. Mr. Wright filed a motion for new trial claiming that the verdict was against the weight of the evidence and asking for a new trial on the sole issue of damages. He stated that the amount of the jury's verdict was equal to the exact amount of medical expenses incurred and that the verdict failed to account for general damages for pain and suffering and for loss of enjoyment of life. The trial court denied Mr. Wright's motion. Mr. Wright appeals.

## STANDARD OF REVIEW

Review of the trial court's denial of a motion for new trial on the grounds of inadequacy of the verdict is limited to examining whether the trial court abused its discretion. *Krame v. Waller*, 849 S.W.2d 236, 239 (Mo.App.1993). We consider only that evidence that supports the ruling of the trial court. *Id.*; *Deck v. Kovac*, 864 S.W.2d 423, 425 (Mo.App.1993). "The day is past when Missouri appellate courts closely scrutinize amounts awarded by juries for personal injuries." *Bilderback v. Skil Corp.*, 856 S.W.2d

73, 76 (Mo.App.1993). Because of the special importance of weighing witness credibility and testimony in setting damages, the determination as to what amount of damages should be awarded in a personal injury action falls primarily within the discretion of the jury. *Kenniston v. McCarthy*, 858 S.W.2d 268, 271 (Mo.App.1993). Where the verdict reached by the jury has the approval of the trial court, its discretion is practically conclusive. *Deck*, 864 S.W.2d at 425. Our role, therefore, is to determine whether there is substantial evidence supporting the verdict. *Hussey v. Kaiser*, 670 S.W.2d 208, 210 (Mo. App.1984). We will disturb the trial court's ruling only if the verdict is so shocking and grossly inadequate that it could have only resulted from passion and prejudice on the part of the jury. *Bilderback*, 856 S.W.2d at 76. In our review of a judgment that is claimed to be the result of bias and prejudice, we recognize that the trial court has had an opportunity to observe and take appropriate action in regard to the effect of the alleged prejudicial occurrences. *Copeland v. Compton*, 914 S.W.2d 378, 383 (Mo.App. 1996).

## ADEQUACY OF DAMAGES

In his sole point on appeal, Mr. Wright claims that the trial court abused its discretion in refusing to grant his motion for new trial because the verdict was against the weight of the evidence, since the jury awarded damages for medical bills only, despite extensive evidence of pain and suffering and the loss of enjoyment of life. The jury awarded $4,059.40 to Mr. Wright, the exact amount of medical bills proven by Mr. Wright's evidence. Mr. Wright argues that the verdict proves that the jury believed that he was injured and that his medical expenses were incurred in the care and treatment of the injuries caused by the collision with Ms. Long. He further reasons that the failure to include an award for pain and suffering and loss of enjoyment of life is inconsistent with the verdict. He claims that the jury could not have believed that he was injured without believing that he incurred considerable pain and suffering.

Mr. Wright's reasoning is faulty. The jury could have believed that he was injured in the collision with Ms. Long without believing that all of the medical bills presented were associated solely with his injury. There was evidence that a degenerative disk condition could have accounted for part of his pain. Award of the damages claimed may have been a convenient means by which the jury included damages for pain and suffering and loss of enjoyment of life while disallowing some of the claimed damages. The jury could also have believed that Mr. Wright's pain and suffering were minimal. Mr. Wright was off work for three days after the accident. He did not return to see a doctor for two weeks following the incident. The results of subsequent tests, x-rays, and examinations undergone by Mr. Wright showed him to be normal, with the exception of the CT scan showing a subtle fracture in the area of the sacrum. The jury was under no obligation to believe the evidence of pain and suffering or loss of enjoyment of life presented by Mr. Wright.

Mr. Wright relies upon *Turner v. Sorrels,* 624 S.W.2d 82 (Mo.App.1981), to support his assertion of trial court error. In *Turner,* the jury returned a $50.00 verdict in favor of a high school student who had been struck by an automobile while he was crossing the street. This court found that the trial court's denial of a new trial on the sole issue of damages was an abuse of discretion. *Id.* at 86. As evidence of the trial court's abuse of discretion, this court described the student's condition:

> The plaintiff suffered a broken right leg and a dislocated and chipped shoulder. He was hospitalized first for 10 days for the insertion of a metal bar in his leg and two metal screws in his shoulder. The femur did not heal and he underwent bone graft surgery with a 13–day hospital stay. In June of 1975 he was in the hospital another three days for the removal of the metal bar and the metal screws. His recovery required six to eight weeks in a wheelchair and two stints with crutches, one for six to eight weeks and one for four to six weeks. He lost a semester in school. His back, leg and shoulder all bear large scars. At the time of trial, more than two

years after the collision, he still had leg and shoulder pain. The medical expenses were $8,457.38, which the jury awarded to Bryan's mother. The award of $50 was plainly inadequate.

*Id.* at 86. The injuries described in *Turner* are different in both kind and degree from the injuries described in the instant case. Furthermore, in *Turner,* there was no dispute about the nature or cause of the injuries.

In *Davis v. City of Mountain View,* 247 S.W.2d 539 (Mo.App.1952), another case relied upon by Mr. Wright, the plaintiff was injured in a fall which resulted from stepping in a hole in a defective sidewalk. Plaintiff was awarded $26.00 by the jury, the amount of his bill for the first time that he visited the doctor. *Id.* at 540. The court held that under the evidence, plaintiff, if he was entitled to a verdict at all, was entitled to more than $26.00. *Id.* at 541. In *Davis,* unlike the instant case, there was no dispute as to the cause of the injuries. In this case, on the other hand, Ms. Long presented evidence that part of Mr. Wright's condition could have had a cause other than the collision with her vehicle.

Mr. Wright also cites *Knothe v. Belcher,* 691 S.W.2d 297 (Mo.App.1985), a case in which the plaintiff claimed that the verdict was inadequate, to support his contention of error. In *Knothe,* however, the court expressly declined to address the issue of the adequacy of damages. *Id.* at 300. The evidence of damages was considered only in relation to error connected with misconduct between a juror and the defendant. *Id.*

In *Davidson v. Schneider,* 349 S.W.2d 908, 913 (Mo.1961), the court upheld an award of $531.50, a sum apparently representing damage done to the plaintiff's automobile and the amount he was billed for visits to three doctors. While acknowledging the view that awards of medical expenses only, without any award for pain and suffering, are generally set aside as a matter of course, the court in *Davis* upheld the award. *Id.* at 913. The court acknowledged that "the jury could find from the conflicting evidence that the plaintiff's complaints were all subjective, that his

injuries were in fact trivial or not serious in the end result and they have awarded him his actually established financial losses." *Id.*

There are numerous cases in which such awards have been upheld on appeal. For example, in *Mozelewski v. Shannon,* 774 S.W.2d 849 (Mo.App.1989), the plaintiff was awarded $24,200.00 for personal injuries and $800.00 for property damage arising out of a motorcycle/automobile accident. Plaintiff presented evidence of medical expenses and lost wages totalling $23,989.12 and property damage of $800.00. As is true in the instant case, the plaintiff complained that such an award was grossly inadequate, demonstrating bias and prejudice. *Id.* at 853. This claim was rejected by the appellate court. *Id.* The court pointed out that there was evidence that plaintiff did not suffer any permanent injuries and that the jury was allowed to assess the credibility of the witness and weigh the evidence. *Id.* Similarly, in *Wheeler v. Evans,* 708 S.W.2d 677, 682 (Mo.App.1986), the court found that a damage award of $8,572.75 was not so inadequate as to indicate bias and prejudice where plaintiff's medical expenses and lost wages totaled $8,880.75.[1]

The award of damages in the instant case is within the evidence presented at trial. It is not so grossly inadequate so as to indicate that the amount awarded was a result of bias or prejudice. We find no abuse of discretion on the part of the trial court in its denial of Mr. Wright's motion for new trial.

Judgment is affirmed.

---

1. *Wheeler* was overruled as to a separate issue related to the factors triggering a punitive instruction. *Stojkovic v. Weller,* 802 S.W.2d 152 (Mo. banc 1991).