

# In the
# Missouri Court of Appeals
## Western District

ORSON WOLF,

        **Appellant-Respondent,**

v.

**MIDWEST NEPHROLOGY
CONSULTANTS, PC.,**

        **Respondent-Appellant.**

**WD78606 and
WD78619**

**OPINION FILED:**

**April 19, 2016**

---

**Appeal from the Circuit Court of Jackson County, Missouri
The Honorable Bryan Round, Judge**

**Before Division Three:
James Edward Welsh, P.J., Thomas H. Newton, and Anthony Rex Gabbert, JJ.**

Orson Wolf appeals from the circuit court's judgment in a wrongful death action, in which a jury awarded Wolf $459,429.02 for past economic damages but did not award noneconomic damages for the pain and suffering endured by the decedent prior to his death. Wolf appeals asserting that the circuit court erred in denying his motion for new trial because the failure to award past noneconomic damages was an abuse of discretion. Midwest Nephrology Consultants, Inc., cross-appeals asserting that the circuit court erred (1) in denying its motion for judgment notwithstanding the verdict because Wolf failed to establish the amount of damages with reasonable certainty and (2) in denying its alternative motion for new trial because the verdict

was against the weight of the evidence and because the circuit court excluded relevant evidence and admitted speculative expert testimony. We affirm the circuit court's judgment.

On July 25, 2008, Carl Brooks went to Midwest Nephrology Consultants for a procedure known as a fistulagram. A fistulagram is used to diagnose problems with a port used to facilitate dialysis. At the time of the procedure, Brooks was 79 years old and had been on dialysis since 2006. During the procedure, Brooks was sedated. After the procedure and during the discharge process, a nurse left Brooks unattended while Brooks dressed himself. As Brooks was sitting on the bed attempting to put on his shirt, he fell and fractured his hip.

Brooks underwent surgery for his hip at Research Medical Center. On July 29, 2008, he was transferred from Research to the Lifecare Center of Grandview. By August 13, 2008, Brooks developed a pressure ulcer on his coccyx (tailbone) and his heels from his immobility. He also became severely malnourished due to the pain pills affecting his appetite. Because his wounds were getting worse, Brooks was transferred to Kindred Hospital, a long-term/acute hospital. In response to the antibiotics he was taking, Brooks developed diarrhea which adulterated the ulcer on his coccyx. In December 2008, Brooks underwent a procedure to improve blood flow to his leg, a surgical procedure to close the wound on his coccyx, and skin grafts to his heels. Because of continued diarrhea and contamination of the surgical site, Brooks underwent a colostomy in February 2009 to divert the flow of feces away from the ulcer on his coccyx. Later in February, another attempt was made to close the wound on Brook's sacrum, which was unsuccessful. Thereafter, on March 19, 2009, Brooks was transferred to the Missouri Veteran's Home in Cameron, Missouri. Brooks died on April 19, 2009.

On January 7, 2011, Wolf filed a wrongful death suit Midwest Nephrology and others[1] for the death of his half-brother, Carl Brooks. Wolf alleged that Brooks's fall at Midwest Nephrology, which resulted in a broken hip, the development of pressure ulcers, and Brooks's eventual death, was the result of Midwest Nephrology's negligence in leaving Brooks unattended to dress himself following his sedation from the fistulagram procedure. After a trial, the jury returned a verdict in favor of Wolf in the amount of $459,429.02 for past economic damage but did not award noneconomic damages for the pain and suffering endured by Brooks prior to his death. Wolf appeals, and Midwest Nephrology cross-appeals.

In his only point on appeal, Wolf contends that the circuit court erred in denying his motion for new trial because the failure to award past noneconomic damages was an abuse of discretion. In particular, Wolf asserts that, because there was ample undisputed evidence regarding Brooks's pain and suffering between the time of his fall and his death, the circuit court abused its discretion in awarding damages for medical expenses without awarding damages for pain and suffering. We disagree.

We will reverse the circuit court's decision to deny a motion for new trial on the basis that a jury award is inadequate only if we find that the circuit court abused its discretion. *Morgan Publications, Inc. v. Squire Publishers, Inc.*, 26 S.W.3d 164, 176 (Mo. App. 2000).

In support of his claim that he is entitled to damages for pain and suffering, Wolf relies upon a contention that "[g]enerally, an award of medical expenses alone without an award for pain and suffering is invalid and will be set aside 'almost as a matter of course.'" *Meier v. Schrock*, 405 S.W.3d 31, 35 (Mo. App. 2013) (quoting *Davidson v. Schneider*, 349 S.W.2d 908,

---

[1] At the time of trial, Midwest Nephrology was the only remaining defendant.

913 (Mo. 1961)).[2]  Indeed, in *Davidson*, the Missouri Supreme Court noted this principle, but explained, "This of course is but a further application of the general rules regarding inadequate verdicts, the jury having found the issue of liability in favor of the plaintiff 'may not give any verdict it pleases[;]' it is . . . bound to award damages commensurate with the nature and extent of the injuries." 349 S.W.2d at 913 (citations omitted).  Although acknowledging the general principal that awards of medical expenses only without an award for pain and suffering are invalid, the *Davidson* court noted that the jury in the case before it was told that they "may" take into consideration numerous things in awarding general damages, including damages for pain and suffering.  *Id*.  In affirming the jury's verdict of $531.50, the *Davidson* court stated that "the jury could find from the conflicting evidence that the plaintiff's complaints were all subjective, that his injuries were in fact trivial or not serious in the end result and they have awarded him his actually established financial losses." *Id*.  The *Davidson* court concluded that "'the verdict can be reasonably accounted for on the theory that the jury believed only enough of plaintiff's evidence to fix liability' and having commensurately made an award there is no occasion for this court's interference." *Id*. (citation omitted); *see also Root v. Manley*, 91 S.W.3d 144, 146 (Mo. App. 2002) (a jury verdict awarding medical expenses and no damages for pain and suffering was not inadequate as the jury could have believed that plaintiff's pain and suffering was "minimal or non-existent").

Therefore, the *Davidson* case makes clear that there is no bright line requiring reversal of cases where the jury awards medical expenses but does not award damages for pain and suffering.  Such a disposition by the jury may be reversed but only if the verdict is determined to be inadequate.  If there is a bright-line test at all, it is merely a bright-line that triggers an

[2]The *Meier* case was a bench tried case, unlike the other cases discussed herein.

inadequate verdict analysis. Indeed, the parties do not cite any cases where the court reversed a verdict based solely on the fact that the jury awarded medical expenses and no damages for pain and suffering. In all the cases, the court conducted an inadequate verdict analysis.

In fact, this court in *Wright v. Long*, 954 S.W.2d 470 (Mo. App. 1997), dealt with this precise issue of whether the circuit court abuses its discretion in denying a motion for new trial when a jury awards damages for medical bills only despite extensive evidence of pain and suffering. *Id.* at 471. In that case, we emphasized, "'[t]he day is past when Missouri appellate courts closely scrutinize amounts awarded by juries for personal injuries.'" *Id.* at 472 (quoting *Bilderback v. Skil Corp.*, 856 S.W.2d 73, 76 (Mo. App. 1993)). We explained, "[b]ecause of the special importance of weighing witness credibility and testimony in setting damages, the determination as to what amount of damages should be awarded in a personal injury action falls primarily within the discretion of the jury." *Wright*, 954 S.W.2d at 472. Further, we noted that "[w]here the verdict reached by the jury has the approval of the trial court, its discretion is practically conclusive." *Id.*

In *Wright*, the jury awarded damages for medical bills only and did not include an award for pain and suffering and loss of enjoyment of life. *Id.* Plaintiff claimed that "the jury could not have believed that he was injured without believing that he incurred considerable pain and suffering." *Id.* The *Wright* court concluded that the plaintiff's reasoning was "faulty" because "[t]he jury was under no obligation to believe the evidence of pain and suffering or loss of enjoyment of life[.]" *Id.* at 473. The *Wright* court found that the award of damages was within the evidence presented at trial and held that the circuit court did not abuse its discretion in denying the motion for new trial. *Id.* at 474.

5

Thus, to the extent that Wolf is contending that the circuit court should have granted a new trial solely because the jury awarded medical expenses only without an award for pain and suffering, his contention is without merit.[3] As was the case in *Wright*, the jury was under no obligation to believe the evidence of pain and suffering, and the award of damages was within the evidence presented at trial.

Moreover, we note that "Missouri does not recognize a common-law claim for wrongful death." *Sanders v. Ahmed*, 364 S.W.3d 195, 203 (Mo. banc 2012). Indeed, "'a claim for damages for wrongful death is statutory; it has no common-law antecedent.'" *Id*. (quoting *State ex rel. Diehl v. O'Malley*, 95 S.W.3d 82, 88 (Mo. banc 2003)). Section 537.080.1, RSMo 2000, provides in relevant part:

> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured[.]

As a statutorily created cause of action, the legislature has the power to define the remedy available for a wrongful death action. *Sanders*, 364 S.W.3d at 203; *Estate of Overbey v. Chad Franklin Nat'l Auto Sales North, LLC*, 361 S.W.3d 364, 376 (Mo. banc 2012); *Scott v. Blue Springs Ford Sales, Inc.*, 176 S.W.3d 140, 141-42 (Mo. banc 2005). As such, the legislature set forth the damages to be determined by the jury in section 537.090, RSMo Cum. Supp. 2013. That provision provides:

---

[3]Wolf is essentially claiming that the jury's award of medical damages without an award for pain and suffering resulted in an inconsistent verdict. When a party believes a verdict is inconsistent, the proper method for seeking relief is to ask the circuit court to return the jury for further deliberations. *China Worldbest Group Co., Ltd. v. Empire Bank*, 373 S.W.3d 9, 13 (Mo. App. 2012). "If the objecting party does not request that the jury be returned for further deliberations, the claim of error is waived." *Id*. Wolf did not request that the jury be sent back to deliberate further. He, therefore, waived any claim of error with respect to any alleged inconsistency in the verdict.

6

In every action brought under section 537.080, the trier of the facts may give to the party or parties entitled thereto such damages as the trier of the facts may deem fair and just for the death and loss thus occasioned, having regard to the pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death and without limiting such damages to those which would be sustained prior to attaining the age of majority by the deceased or by the person suffering any such loss.  In addition, *the trier of the facts may award such damages as the deceased may have suffered between the time of injury and the time of death* and for the recovery of which the deceased might have maintained an action had death not ensued.[4]

The jury, therefore, has "extraordinarily wide discretion" in determining the amount of recovery under section 537.090 in wrongful death actions.  *Aubuchon v. LaPlant*, 435 S.W.2d 648, 650 (Mo. 1968).

Section 537.090 states that the jury "may award" damages for the decedent's suffering between the time of death and the time of the injury.  The word "may" dictates that awarding such damages is permitted but that it is not mandatory.  "It is the general rule that in statutes the word 'may' is permissive only, and the word 'shall' is mandatory."  *State ex inf. McKittrick v. Wymore*, 119 S.W.2d 941, 944 (Mo. banc 1938).  "We have no authority to read 'shall' into [section 537.090] unless its insertion is plainly indicated."  *Collier v. Roth*, 468 S.W.2d 57, 61 (Mo. App. 1971).  The General Assembly could have used the word "shall" if it had intended to require that all juries compensate wrongful death plaintiffs for the damages the deceased may have suffered between the time of injury and the time of death, but the General Assembly chose the word "may" instead.  Because there is no contrary intent expressed in section 537.090, we read the word "may" as permissive and not mandatory.  Damages for pain and suffering were not

_____

[4]We added the emphasis.

7

mandatory under section 537.090.[5]  Indeed, under section 537.090, the jury has the discretion to not award any damages let alone damages for pain and suffering.  The circuit court, therefore, did not abuse its discretion in denying Wolf's motion for new trial.

In its cross-appeal, Midwest Nephrology contends that the circuit court erred in denying its motion for judgment notwithstanding the verdict because Wolf failed to establish the amount of damages with reasonable certainty.  In particular, Midwest Nephrology complains that no witness discussed Brooks's medical bills in the presence of the jury and that the stipulation given to the jury concerning the amounts billed and paid for medical services contained no information about whether any of those bills were connected to Midwest Nephrology's alleged negligence.

Before considering the merits of Midwest Nephrology's first point on appeal, we must first consider whether the issue is preserved for our review.  *Mansfield v. Horner*, 443 S.W.3d 627, 638 (Mo. App. 2014).  "Because a judgment notwithstanding the verdict is a motion to have judgment entered in accordance with a motion for directed verdict, 'a sufficient motion for a directed verdict is required to preserve the motion for judgment notwithstanding the verdict and for appeal.'"  *Delacroix v. Doncasters, Inc.*, 407 S.W.3d 13, 43-44 n. 21 (Mo. App. 2013) (citation omitted).  Rule 72.01(a) requires that a motion for directed verdict "state the specific grounds therefore."  "A party cannot save an insufficient motion for directed verdict by making specific allegations in the motion for JNOV."  *Merseal v. Farm Bureau Town & Country Ins. Co. of Mo.*, 396 S.W.3d 467, 471 (Mo. App. 2013).  "'[I]ssues not raised in a motion for directed verdict, but raised in the motion for JNOV, are not preserved for appellate review of the motion

---

[5]We note that the cases upon which Wolf relies--*Meier v. Schrock*, 405 S.W.3d 31 (Mo. App. 2013), and *Turner v. Sorrels*, 624 S.W.2d 82 (Mo. App. 1981)--were common law personal injury actions and not wrongful death actions.  As noted previously, wrongful death cases are governed by the wrongful death statutes and not by common law.

8

for JNOV.'" *Wagner v. Mortg. Info. Servs., Inc.*, 261 S.W.3d 625, 639 n.13 (Mo. App. 2008) (citation omitted). Midwest Nephrology failed to raise in its motion for directed verdict that Wolf failed to present substantial evidence to establish the amount of damages that were caused by Midwest Nephrology's alleged negligence. Midwest Nephrology, therefore, was precluded "'from obtaining a judgment notwithstanding the verdict in its favor on these grounds'" and is further precluded "'from obtaining appellate review of the trial court's failure to enter judgment notwithstanding the verdict on these grounds.'" *Delacroix*, 407 S.W.3d at 44 n. 21 (citation omitted).

As to the second point in its cross-appeal, Midwest Nephrology combines three separate contentions in one point relied on. It asserts that the circuit court erred in denying the motion for new trial because: (1) the verdict was against the weight of the evidence; (2) the circuit court erred in excluding relevant evidence that would have shown that there were no unpaid medical bills, and (3) the circuit court erred in admitting speculative expert testimony concerning causation. In particular, the point said:

> The trial court erred in denying Defendant's alternative motion for a new trial on all issues, because the verdict was against the weight of the evidence, and because the trial court erred in excluding relevant evidence and admitting speculative expert testimony, in that the jury returned a verdict that subtracted amounts paid from amounts billed and thus could not have properly measured Plaintiff's medical damages, in that this improper verdict was likely caused by the exclusion of evidence that would have shown that there were no unpaid medical bills, and in that the trial court allowed a medical expert to give a causation opinion even though the expert himself admitted that he was speculating.

The point relied on is most certainly multifarious. "'A point relied on should contain only one issue, and parties should not group multiple contentions about different issues together into one point relied on.'" *Rouse v. Cuvelier*, 363 S.W.3d 406, 419 (Mo. App. 2012) (citation omitted). Multifarious points preserve nothing for appellate review. *Rogers v. Hester ex rel. Mills*, 334

9

S.W.3d 528, 536 (Mo. App. 2010). The point relied on combines issues that would involve separate rulings by the circuit court and would require determinations concerning whether timely and sufficient objections were made and whether proper offers of proof were made. In turn, those rulings and determinations would involve the application of different legal standards. Although we prefer to decide cases on the merits, for us to "'determine and clarify the nature of the contentions asserted'" puts us in "an advocacy role" that is "wholly improper for a reviewing court to assume." *Id*. at 538 (citation omitted). We, therefore, dismiss Midwest Nephrology's second point in its cross-appeal.

Based on the foregoing, we affirm the circuit court's judgment

/s/ JAMES EDWARD WELSH
James Edward Welsh, Presiding Judge

All concur.

10