**Elizabeth DEANER, Plaintiff-Appellant,**

v.

**BI–STATE DEVELOPMENT AGENCY, a municipal corporation, and Deother Cook, Defendants-Respondents.**

**No. 55968.**

Supreme Court of Missouri,
Division No. 1.

Sept. 11, 1972.

Paul B. Hunker, Jr., Boas, Schneider & Walsh, St. Louis, for respondent Bi-State Development Agency.

SEILER, Judge.

This is a damage action for personal injuries and property damage suffered by Elizabeth Deaner as the result of a traffic accident. Plaintiff received a verdict and judgment for $30,000 after a jury trial. The trial court ordered plaintiff to remit $15,000 or the motion for a new trial would be sustained on the grounds that the verdict (a) was excessive and (b) was the direct result of bias and prejudice of the jury in favor of the plaintiff and against the defendants. The court ordered a new trial when plaintiff did not remit, and plaintiff appeals.

Defendant Bi-State (defendant Cook did not participate in the appeal) concedes that the damage to plaintiff's car and her medical expenses—$1,500—awarded by the jury, were reasonable, but maintains that from the trial testimony it is reasonable to believe that plaintiff's injuries and loss of wages are considerably less than the $28,500 which the jury awarded plaintiff. Defendant states there was a reasonable basis on the record for the trial court in fixing the amount for which it would enter judgment for the plaintiff. We agree.

It is clearly within the sound discretion of the trial court to order remittitur on the grounds of excessive verdict, but there is a clear distinction between an excessive verdict and an excessive verdict because of bias or prejudice on the part of the jury. Jones v. Pennsylvania R. Co., 353 Mo. 163, 182 S.W.2d 157. Excessiveness because of bias and prejudice vitiates the entire verdict and judgment and requires a new trial. Remittitur is improper where bias and prejudice occur. McConnell v. Pic-Walsh Freight Co. (Mo. Sup.), 432 S.W.2d 292, 301; Skadal v. Brown (Mo.Sup.), 351 S.W.2d 684, 689–690; Jones v. Pennsylvania R. Co., supra.

Burton H. Shostak, Kramer, Chused & Kramer, Samuel A. Goldblatt, St. Louis, for appellant.

**234**

In the case before us the trial court used two inconsistent grounds in attempting to force plaintiff to accept remittitur. The first ground—excessive verdict—is clearly within its authority and was proper. The second ground is bias and prejudice, which is totally inconsistent with remittitur. Appellate courts cannot find bias and prejudice solely from excessiveness of verdict, McConnell v. Pic-Walsh Freight Co., supra; Skadal v. Brown, supra. Defendant has failed to show any bias or prejudice, nor have we been able to find any in the record on appeal.

We must conclude that the trial court intended to uphold the verdict if remittitur was accepted by the plaintiff because upon that is what the court premised the granting of a new trial. Thus, under the circumstances before us, we are forced to ignore the second ground as surplusage.

We hold that the trial court acted properly in granting a new trial on the grounds of excessiveness of verdict when plaintiff refused remittitur, but we cannot support its inconsistent ground of bias and prejudice.

Plaintiff asks that she now be permitted to make the remittitur. In Greco v. Hendricks (Mo.Sup.), 327 S.W.2d 241, we recognized the general rule that once plaintiff has refused to remit a portion of the verdict plaintiff will not be given a second chance, but there are exceptions under certain circumstances, Steuernagel v. St. Louis Public Service Co. (banc), 361 Mo. 1066, 238 S.W.2d 426; Nix v. Gulf, Mobile & Ohio R. Co., 362 Mo. 187, 240 S.W.2d 709. Because of the inconsistency in the trial court's order to remit, and inasmuch as excessiveness is the only issue on which the granting of a new trial is here sought to be sustained, we believe this is a proper case to allow the plaintiff a second chance to remit.

Accordingly, we order the case remanded with directions to set aside the order granting a new trial and to allow plaintiff to file a remittitur of $15,000 as of the date of the original judgment, within a reasonable time fixed by the trial court, and thereupon to enter judgment for plaintiff for $15,000; or if such remittitur is not made, to order a new trial.

Defendant's motion to dismiss, taken with the case, is overruled.

Remanded with directions.

All of the Judges concur.