623 P.2d 819

**Gilbert R. HERNANDEZ and Josephine I. Hernandez, husband and wife, and The Estate of Anita Hernandez, Plaintiffs/Appellees,**

v.

**The STATE of Arizona, Defendant/Appellant.**

**No. 2 CA–CIV 3678.**

Court of Appeals of Arizona, Division 2.

Nov. 7, 1980.

Rehearing Denied Dec. 29, 1980.

Review Denied Jan. 20, 1981.

Miller, Pitt & Feldman, P. C. by Richard L. McAnally and John L. Tully, Tucson, for plaintiffs/appellees.

Robert K. Corbin, Atty. Gen., Lesher, Kimble & Rucker, P. C. by Monte C. Clausen, Tucson, for defendant/appellant.

## OPINION

RICHMOND, Judge.

Defendant State of Arizona appeals from an order pursuant to 16 A.R.S. Rules of Civil Procedure, 59(i), conditionally granting plaintiffs Gilbert and Josephine Hernandez a new trial on the issue of damages for personal injuries sustained by Josephine and for the death of their 8-year-old child, Anita, unless the state agreed to increases in the damages awarded by the jury. The state failed to file a statement accepting the increases within the 10 days prescribed by the trial court. We affirm the order in part and reverse in part.

The case arose from a one-vehicle accident on Interstate 10, which plaintiffs alleged was caused by the state's negligent failure to maintain the roadway. The state denied negligence and alleged that the accident was caused by the contributory negligence of Gilbert Hernandez, the driver of the vehicle. Insofar as the claims of Mr. and Mrs. Hernandez are concerned, the court instructed the jury that "[i]f you find that both the State of Arizona and Mr. Hernandez were negligent, and that the negligence of each was a proximate cause

of plaintiff's injuries, ... you may find for the defendant or for the plaintiffs, as you may see fit."[1] The jury awarded Mr. and Mrs. Hernandez $52,487 for her personal injuries and $12,000 for the death of their child. On plaintiffs' rule 59(i) motion, the court ordered a new trial on damages unless the state agreed to an additur of $75,000 for Mrs. Hernandez's injuries and $25,000 for Anita's death.

On appeal the state argues that an otherwise inadequate verdict may be adequate in a case like this one, because the jury was entitled to compromise the amount of the verdict based on the contributory negligence of Gilbert Hernandez. We disagree. Once the plaintiffs were entitled to recover, it was incumbent upon the jury to award damages to which plaintiffs were legally entitled as shown by the evidence. *Anderson v. Muniz*, 21 Ariz.App. 25, 515 P.2d 52 (1973). Thereafter, on motion for new trial pursuant to rule 59(i) on grounds that the damages awarded are insufficient, the trial judge must adjust if there is no conflict in the evidence on items that obviously were omitted from the verdict. *Creamer v. Troiano*, 108 Ariz. 573, 503 P.2d 794 (1972). Here, the amount of medical expenses incurred for Mrs. Hernandez to the date of trial was $31,487, and future expenses totaling another $17,200 were undisputed. As the result of the accident her left leg was amputated above the knee. The stump had to be surgically revised on three occasions so that a prosthesis might be installed, but after two years of attempting to fit her with a prosthetic leg her attending surgeon abandoned the effort because of her other orthopedic problems. It was undisputed that her presumptive life expectancy was 32 years, and in closing argument counsel for the state suggested her general damages were $75,000. The uncontroverted facts support the trial judge's finding that $52,487, including less than $4,000 in general damages, was inadequate, and that an increase of $75,000 was a reasonable alternative to a new trial on damages.[2]

The same cannot be said, however, of that portion of the order relating to the verdict for the death of the child. Burial expenses amounted to $1,019. Translation into dollars of the loss of companionship, affection, and society, and the anguish the parents experienced as a result of their daughter's death is peculiarly the jury's function. Almost always when there is a conflict in the evidence the trial judge should not interfere with the jury's award. *Creamer v. Troiano*, supra. Each case must be considered on its own facts. *Id.* Unlike the verdict for Josephine's injuries, the verdict for the death of Anita does not present the gross inadequacy requiring an additur under rule 59(i).

The order granting plaintiffs' motion for a new trial on the issue of damages with respect to the personal injuries sustained by Josephine Hernandez is affirmed. That portion of the order granting plaintiffs' motion with respect to the death of Anita Hernandez is reversed and the trial court is directed to reinstate the $12,000 judgment for her wrongful death.

HATHAWAY, C. J., and HOWARD, J., concur.

1. Personal injury claims of four passengers in the vehicle, which were not subject to the defense of contributory negligence, are not involved in this appeal.

2. The state, citing *Anderson v. Muniz*, supra, argues that the new trial must include all issues. *Anderson*, however, did not deal with a conditional order under rule 59(i), which specifically provides for a new trial on damages only where the party adversely affected has failed to accept the designated increase or decrease of damages. Such an order which conditionally increases damages presumes a correct determination of the liability issues and presents a defendant with the alternative of accepting the trial court's assessment of a proper award based on the evidence or a new trial on damages only. The rule has no application to a case like *Anderson*, where the issues of damages and liability are "inextricably interwoven."