701 P.2d 861

**Antonio L. BUSTAMANTE, Jr., and Frances Bustamante, husband and wife, Plaintiffs/Appellees,**

v.

**CITY OF TUCSON, Defendant/Appellant.**

**No. 2 CA–CIV 5247.**

Court of Appeals of Arizona, Division 2, Department B.

April 11, 1985.

Gordon T. Alley, Tucson, for plaintiffs/appellees.

Kimble, Gothreau, Nelson & Cannon, P.C. by Daryl A. Audilett and Michael J. Gothreau, Tucson, for defendant/appellant.

## OPINION

LACAGNINA, Judge.

This is a case of assault and battery by police officers employed by the City of Tucson while arresting Antonio Bustamante, Jr. Bustamante suffered bruises as a result of the use of a night stick and rough handling by the police officers. The jury returned a verdict in the amount of $650.72, the exact amount of Bustamante's special damages. The trial court granted a motion for new trial on the issue of damages only unless the city agreed to an additur of $12,500. The city refused to agree to the additur and claims on appeal that the trial court abused its discretion by ordering the new trial unless the city agreed to the additur. We affirm.

Appellate courts have a difficult task reviewing orders for additur and remittitur. The resolution of each case depends upon its own peculiar facts. There are recognized tests to apply, but they are only guidelines to follow leading toward the ulti-mate test of justice. The Supreme Court of Arizona has explained our obligation upon review in the case of *Creamer v. Troiano*, 108 Ariz. 573, 503 P.2d 794 (1972):

"From what we have written, it is obvious that the test for reviewing the granting or refusing of a trial judge's adjustment of a verdict is complex and can only be solved by an ad hoc approach. Almost always when there is a conflict in the evidence, the trial judge should not interfere with what is peculiarly the jury's function, and if he does not, we will nearly always uphold him. If there is no conflict in the evidence on items that obviously were omitted from the verdict, the trial judge must adjust, and we will uphold him if he does. Behind all of these tests still stands the original doctrine—that if the verdict is supported by adequate evidence, it will not be disturbed, and the greatest possible discretion is in the hands of the trial judge. In this court, the ultimate test will always be justice, and any case before us which shows an unjust result because of the granting or denial of either additur or remittitur, will be reversed. Each case will be considered upon its own facts." 108 Ariz. at 576, 503 P.2d at 797.

As noted above, "almost always" and "nearly always" are not exact terms, and therefore, the question of additur is left to the greatest possible discretion of the trial court, and its decision will not be disturbed on appeal except for a case of clear abuse. The supreme court in *Creamer* provided us with the ultimate test for abuse of discretion when it approved the doctrine—that any case which shows an unjust result because of the granting or denial of an additur will be reversed.

Testimony at the trial demonstrates that there was no conflict in the evidence to justify the jury's failure to award any amount for general damages. The city contends there was a conflict in the evidence regarding Bustamante's injuries and treatment. We disagree. A review of the testimony supports a finding by the trial

court that the verdict for special damages only was inadequate and unjust.

Although the testimony of the parties and other witnesses as to Bustamante's injuries varied by degrees, the ultimate uncontroverted fact was that the officers used force to arrest Bustamante, and his body showed evidence of the force. In particular, the following was evidenced:

1. Bustamante testified that an officer hit him with the baton three or four times in the area of his right knee and elbow.

2. One of the officers testified that he hit Bustamante two or three times with his night stick in the right knee area and right elbow area and that Bustamante cried out and yelled.

3. An independent bystander witness testified that the officers grabbed Bustamante's hair, slammed him against the trunk of the car and that Bustamante shouted for help.

4. One of the officers testified he struggled with Bustamante for 30 seconds to one minute before he cuffed his left hand and several more seconds before cuffing the right hand behind his back.

5. An attending physician testified that Bustamante could have been hit a few times or as many as 25 times. He also found bruises on Bustamante's right thigh, an injured thumb and swollen wrist.

6. Hospital records indicated a bruise on Bustamante's right upper extremity and on his right thigh described as night stick tattoos and surrounding ecchymosis and swelling—tender to palpation.

The trial court submitted to the jury for determination whether the police officers used reasonable and necessary physical force under the circumstances or whether they used more force than was necessary. The jury was further instructed that if they found for Bustamante on the question of liability, they were to determine the fair amount of compensation for any damages proved by the evidence to have resulted from the police officers' conduct. In other words, once they found that Bustamante was entitled to recover, it was incumbent upon them to award damages to which he was *legally entitled* as shown by the evidence. *Hernandez v. State,* 128 Ariz. 30, 623 P.2d 819 (App.1980); *Anderson v. Muniz,* 21 Ariz.App. 25, 515 P.2d 52 (1973).

During the deliberations, the jury sent a written note to the judge asking the following, "Can we please have the figure for the total out of pocket expenses and lost wages for Mr. Bustamante as a result of this incident that was mentioned during closing remarks?" The judge wrote the amount of $650.72 on the bottom of the note and returned it to the jury. We do not doubt that the verdict in the same amount as written on the note by the judge was for special damages only and was awarded based on the court's instruction permitting recovery of damages suffered from the result of using unreasonable force during the arrest. In making an award based on a finding of unreasonable force the jury omitted any award for general damages for pain, discomfort, suffering, anxiety and fear experienced as a result of the incident.

When Bustamante thereafter moved for a new trial under Rule 59(i) based on the insufficient damages award, the trial court was bound to make an adjustment in the verdict where there was no conflict in the evidence as to these elements of damages. *Creamer,* supra; *Hernandez,* supra. It did not abuse its discretion by ordering the new trial on damages only in the event the city did not agree to the additur.

AFFIRMED.

HATHAWAY, P.J., and LIVERMORE, J., concur.