**Sharon Lee TUCCI, Respondent,**

v.

**Adelaide MOORE, Appellant.**

No. 75942.

Supreme Court of Missouri,
En Banc.

April 26, 1994.

objection to the proposed release was filed.

Thomas J. Magee, Gregory T. Mueller, St. Louis, for appellant.

Michael J. Waddington, James B. Herd, St. Louis, for respondent.

BENTON, Judge.

On October 29, 1989, Adelaide Moore's car made an illegal left turn and collided with Sharon Tucci's vehicle. Although liability was not contested, the amount of damages was. Tucci sought recovery for pain and suffering, plus $27,200 in compensatory damages. The jury awarded $3,225. The trial judge denied Tucci's motion for a new trial, but then proceeded to grant additur for a total judgment of $9,534.41. The trial judge did not itemize the increased award, though he referenced "actual out of pocket damages" such as the costs of a rental car and a private masseur. Moore never consented to additur and challenges its constitutionality on appeal. *Mo. Const. art. V, § 3.*

The source of additur can be the common law,[1] a court rule, or a statute such as § 537.-068 RSMo Supp.1993:

> A court may enter a remittitur order if, after reviewing the evidence in support of the jury's verdict, the court finds that the jury's verdict is excessive because the amount of the verdict exceeds fair and reasonable compensation for plaintiff's injuries and damages. A court may increase the size of a jury's award if the court finds that the jury's verdict is inadequate because the amount of the verdict is less than fair and reasonable compensation for plaintiff's injuries and damages.

Though § 537.068 does not expressly use the term "additur," traditional additur was clearly intended by the juxtaposition with remittitur. *Compare* § 510.263.6 RSMo Supp.1993 ("remittitur" and "additur" used in same Act, three sections from § 537.068).

Regardless of its source, additur inherently has two components: (1) a finding that a new trial is required, (2) unless the defendant consents to increasing the judgment. *See* 1A *C.J.S. Additur* 784 (1985). Because the circuit court here erred in both respects, this Court does not reach the constitutionality of additur in Missouri. *See State ex rel. City of Blue Springs v. Rice,* 853 S.W.2d 918, 920 (Mo. banc 1993).

## I.

In this case, the circuit court order begins:

> This court now takes up Plaintiff's motion for new trial, or in the alternative, additur.

> This court rules at the outset that the motion for a new trial is denied and now turns to the Plaintiff's request for additur.

> . . . .

■ Before considering additur, the trial judge must find that a new trial on damages is warranted for "good cause shown" or because "the verdict is against the weight of the evidence." *See Rule 78.01, 78.02.*

Here the circuit judge never made a threshold finding that a new trial was merited. Therefore, application of additur was error.

## II.

Even if the trial judge had found that a new trial was warranted, a second defect bars additur in this case.

■ Additur requires that the party against whom the new trial would be granted have, instead, the option of agreeing to additur. *Bishop v. Cummines,* 870 S.W.2d 922, 924 n. 2 (Mo.App.1994) (*citing Cazzell v. Schofield,* 319 Mo. 1169, 8 S.W.2d 580, 592 (1928), and *Jordan v. Robert Half Personnel Agencies, Inc.,* 615 S.W.2d 574, 581 (Mo.App. 1981)); *Bustamante v. City of Tucson,* 145 Ariz. 365, 701 P.2d 861, 863 (App.1985); *Neal v. Farmers Insurance Exchange,* 21 Cal.3d 910, 148 Cal.Rptr. 389, 582 P.2d 980, 993 (1978); *Jeffries v. Johnson,* 27 Conn.App. 471, 607 A.2d 443, 444 (1992); *Young v. Scott,* 108 Idaho 506, 700 P.2d 128, 131 (1985);

---

1. *Cf. Dimick v. Schiedt,* 293 U.S. 474, 476–84, 55 S.Ct. 296, 296–300, 79 L.Ed. 603 (1935).

*Barger v. Galazen,* 61 Mich.App. 182, 232 N.W.2d 354, 356 (1975); *Donaldson v. Anderson,* 109 Nev. 1039, 862 P.2d 1204, 1207 (1993); *Pelican Building Centers, Inc. v. Dutton,* 427 S.E.2d 673, 676 (S.C.1993); *Robinson v. Safeway Stores, Inc.,* 113 Wash.2d 154, 776 P.2d 676, 680 (1989).

Here, the trial court erred because the defendant neither had the option of a new trial nor consented to additur.

### III.

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.

All concur.