**William D. STIVERS,**
**Plaintiff/Respondent,**

v.

**Paul EBERT, Defendant/Appellant.**

No. 76643.

Supreme Court of Missouri,
En Banc.

Nov. 22, 1994.

John G. Enright, Eric A. Ruttencutter, St. Louis, for appellant.

David T. Butsch, Michael A. Lawder, St. Louis, John Allen Taylor, Louisville, Kentucky, for respondent.

PER CURIAM.

■ The parties agree that the circuit court granted additur but that the Defendant neither had the option of a new trial nor consented to additur. This Court thus reverses based on *Tucci v. Moore*, 875 S.W.2d 115, 117 (Mo. banc 1994), decided three months after the judgment in this case.

■ The only issue is the scope of remand. Defendant contends that the circuit court, on remand, must reinstate the jury's damages verdict. The circuit court overruled the Plaintiff's motion for new trial, which alleged the verdict was

> inadequate, given the facts and evidence presented, and was, in fact, against the weight of evidence presented.

However, the court granted additur, finding the verdict was

> inadequate because the amount of the jury verdict is less than fair and reasonable compensation for plaintiff's injuries and damages given the evidence presented.

■ The rulings of the circuit court are inconsistent. Additur requires a finding that "a new trial on damages is warranted." *Tucci*, 875 S.W.2d at 116. On remand, the circuit court shall reconsider and reconcile the post-trial rulings and then proceed in accord with *Tucci*.

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.