MASSMAN CONSTRUCTION
COMPANY, Respondent,

v.

MISSOURI HIGHWAY & TRANS-
PORTATION COMMISSION,
Appellant.

No. 78085.

Supreme Court of Missouri,
En Banc.

Jan. 23, 1996.

John W. Koenig, Jr., Sikeston, Rich Tiemeyer, Michael C. Rose, Jefferson City, for appellant.

Richard W. Miller, Stephen R. Miller, Frederick J. Ernst, Kansas City, for respondent.

HOLSTEIN, Chief Justice.

Massman Construction Company (Massman) filed suit for breach of contract arising out of substructure construction Massman undertook on the U.S. Highway 40 bridge that crosses the Missouri River between St. Charles County and St. Louis County. The case was tried to a jury on all issues.[1] The jury returned a verdict for $250,000. In response to Massman's motion to increase the award of damages, a new trial was ordered on the issue of damages only. The order of new trial was appealed to the Missouri Court of Appeals, Eastern District, by the Missouri Highway and Transportation Commission (Commission). This Court granted transfer after opinion. *Rule 83.03*. The order granting the new trial is reversed and the cause is remanded with instructions.

### I.

After trial, Massman did not file any document titled Motion for New Trial or any document in which a new trial was requested. However, four days after the verdict was returned, plaintiff filed a "Motion to Increase the Jury Award" to $1,922,821.28, the amount of the jury verdict in the first trial, referencing § 537.068.[2] In pertinent part, that statute provides:

> A court may increase the size of a jury's award if the court finds that the jury's verdict is inadequate because the amount of the verdict is less than fair and reason-

able compensation for the plaintiff's injuries and damages.

In addition to quoting the statute, the plaintiff's combined motion to increase the jury award and suggestions in support thereof asserts that the verdict was "against the clear weight of the evidence" and was a product of juror misconduct and improper statements by the Commission's counsel made during the course of the trial and during closing argument. The prayer of the motion asked for an increase in the jury award "and for such other and further relief as the court deems appropriate."

Forty-nine days after the verdict, the trial court ordered a new trial on the issue of damages only. In the order, the trial judge stated:

> The jury's verdict of $250,000 is inadequate because the amount of the verdict is not supported by the evidence and that Plaintiff, while the Court declines to increase the jury's verdict, have a new trial on the measure of damages only.

The Commission appeals that order. *§ 512.020.*

### II.

■ The preliminary issue before the Court is whether the trial court has jurisdiction to rule on a motion for additur, as authorized by § 537.068, more than thirty days after entering its original judgment. Under Rule 75.01, after a trial court enters judgment it retains control over the judgment for thirty days during which time it "of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of the party." *Rule 75.01*. The timely filing of either a motion for a new trial or an "authorized after-trial motion" extends a trial court's jurisdiction for up to ninety days after the filing of the motion. *Rule 81.05. See also Rule 78.06* (motion for new trial is denied if not passed on within ninety days of filing). Once the thirty day period in Rule 75.01 expires, a trial court's authority to grant relief is con-

---

1. There was an earlier trial followed by an appeal and reversal. *Massman Construction Co. v. Mo. Highway & Transp. Comm'n,* 835 S.W.2d 465 (Mo.App.1992).

2. All references to statutes are to RSMo 1994 unless otherwise noted.

strained by and limited to the grounds raised in a timely filed, authorized after-trial motion. *Antonacci v. Antonacci,* 892 S.W.2d 365, 368 (Mo.App.1995) (applying this rule to a motion for a new trial).

■ The Commission contends a motion for additur does not extend a trial court's jurisdiction for up to ninety days because additur constitutes neither a motion for new trial nor an "authorized after-trial" motion. The contention is incorrect. Section 537.068, which provides that "[a] court may increase the size of a jury's award if the court finds that the jury's verdict is inadequate," implicitly authorizes an after-trial motion for additur. This is true despite language in *Taylor v. United Parcel Service, Inc.,* 854 S.W.2d 390, 392, n. 1 (Mo. banc 1993), that seems to limit the number of authorized after-trial motions to the six listed there.

■ As an authorized after-trial motion, a motion for additur operates "as ... a new trial motion for the purposes of ascertaining the time within which an appeal must be taken." *Rule 81.05.* As such, the filing of a motion for additur forestalls the finality of the judgment until a trial court rules upon the motion or for ninety days after the filing of the motion, whichever occurs first. *Ryan v. Parker,* 812 S.W.2d 190, 193 (Mo.App. 1991). *See also Rule 78.06.* During this period, a trial court presented solely with a motion for additur has jurisdiction to sustain or overrule the motion for additur until the ninetieth day after the motion is filed. In the instant case, the trial court waited until forty-nine days after Massman's counsel filed his motion for additur to act. The trial court thus had jurisdiction to rule on additur.

### III.

■ The dispositive question here is whether the trial court erred in considering the motion for additur as a motion for new trial. To sustain a motion for additur, a trial court must determine good cause warrants a new trial on damages or the verdict is against the weight of the evidence. *Tucci v. Moore,* 875 S.W.2d 115, 116 (Mo. banc 1994) (*citing* Rules 78.01 and 78.02). A new trial is one potential outcome of the motion for additur. Nonetheless, a motion for additur significantly differs from an ordinary motion for new trial in terms of issues covered and in terms of the potential outcome. The purpose of additur, like remittitur, is not to correct juror bias and prejudice, but to correct a jury's honest mistake in fixing damages. *Skadal v. Brown,* 351 S.W.2d 684, 689 (Mo. 1961); *Knox v. Simmons,* 838 S.W.2d 21, 23 (Mo.App.1992). By contrast, an ordinary motion for a new trial deals with all prejudicial errors occurring during trial, including damages to the extent a verdict is the product of juror bias and prejudice, and is remedied by the grant of a new trial. *Deaner v. Bi–State Dev. Agency,* 484 S.W.2d 232, 233 (Mo.1972); *Day v. Union Pacific R.R. Co.,* 276 S.W.2d 212, 216 (Mo.1955). A motion for additur focuses on the adequacy of the verdict in terms of damages and, if sustained, has two possible outcomes, an increase in the amount of the verdict upon defendant's consent, or a new trial. *Tucci,* 875 S.W.2d at 116. When grounds for additur exist, a trial court may grant a new trial only if defendant refuses to accept an increased verdict. *Id.*

Where a question exists as to whether a motion for additur is to be treated as a motion for a new trial, fundamental fairness requires that the nonmoving party consent due to the significant differences between an ordinary motion for new trial and a motion for additur. Absent consent, the trial court must properly respond to a motion for additur without expanding the motion in such a way as to grant relief not encompassed by additur. This is true notwithstanding the general tendency of courts to construe improperly titled or crudely fashioned after-trial motions liberally as motions for new trial. *See Taylor v. United Parcel Service, Inc.,* 854 S.W.2d 390, 392–93 (Mo. banc 1993); *Farmers State Bank v. Place–Wiederholt Chevrolet–Oldsmobile, Inc.,* 747 S.W.2d 170, 172 (Mo.App.1988); *Brown v. Beeney,* 756 S.W.2d 940, 942 (Mo.App.1988).

■ In the instant case, Massman filed a motion for additur and suggestions in support thereof on the ground that the verdict was "against the clear weight of the evidence." Although asserting several claims of juror bias and prejudice, Massman's motion

carefully avoided asking for a new trial. Neither party filed a formal motion for a new trial. Massman's request for "such other and further relief as the court deems appropriate" was insufficient to put the Commission on notice that Massman sought relief other than additur. It cannot be fairly said that the Commission otherwise consented to treat the motion for additur as a motion for new trial. Thus, the trial court should have responded to Massman's motion for additur as a motion for additur and not as a motion for new trial.

■ The trial court, if it determines grounds for additur exist, must enter an order containing both components identified in *Tucci. Stivers v. Ebert*, 887 S.W.2d 393 (Mo. banc 1994). When the trial court declined to sustain the request to increase the verdict, it in effect overruled the motion for additur, but granted a new trial. To overrule the motion for additur and at the same time grant a new trial when no new trial was sought was reversible error.

The case is remanded for the trial court to enter an order that properly responds to the motion for additur. If the trial court sustains the motion and defendant does not agree to an increase in the verdict, the trial court then has the authority to grant a new trial. In remanding the case, this Court does not decide whether the issues raised in the motion for additur are sufficient to support such motion or, if such motion should be sustained, what damages would be a fair and reasonable amount. However, a word of caution is appropriate.

Here the trial judge followed the often troublesome practice of adopting, without modification, significant portions of a proposed order prepared by respondent's counsel. Advocates are prone to excesses of rhetoric and lengthy recitals of evidence favorable to their side but which ignore proper evidence or inferences from evidence favorable to the other party. Trial judges are well advised to approach a party's proposed order with the sharp eye of a skeptic and the sharp pencil of an editor.

The order granting a new trial is reversed and the cause is remanded to the trial court to enter an order consistent with and responsive to the motion for additur.

BENTON, LIMBAUGH, ROBERTSON and COVINGTON, JJ., and O'SHEA, Senior Judge, concur.

PRICE and WHITE, JJ., not sitting.