Karla **TOMLIN**, Plaintiff/Appellant,

v.

Cheryl **GUEMPEL**,
Defendant/Respondent.

No. **ED 78430**.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 17, 2001.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 6, 2001.

Alan S. Mandel, Michael J. Sudekum, St. Louis, for appellant.

Robert W. Cockerham, Robert L. Brady, St. Louis, for respondent.

CRANDALL, Judge.

Plaintiff, Karla Tomlin, appeals from the judgment in her favor, entered pursuant to a jury verdict, in the amount of $500.00 in a personal injury action against defendant, Cheryl Guempel. We affirm.

We view the evidence in the light most favorable to the verdict. The evidence established that on October 21, 1996, Tomlin was stopped in her minivan at the intersection of Highway 94 and Mid Rivers Mall Drive. Guempel's minivan ran into the back of Tomlin's vehicle, jarring Tomlin and jolting her forward. Immediately following the accident, Tomlin informed Guempel that she was fine. Neither vehicle was damaged. Tomlin's pregnant daughter was a passenger in the minivan, but neither she nor her after-born child was injured. The day after the accident, Tomlin went to her family physician, complaining of pain in her shoulder; but an x-ray revealed no injury to the shoulder. The family physician prescribed physical therapy. After physical therapy proved increasingly painful, an MRI was performed and revealed a rotator cuff tear. Tomlin underwent surgery for the torn rotator cuff; and incurred medical ex-

penses in the amount of $9,598.75 and lost wages in the amount of $11,971.20.

Tomlin's family physician testified that Tomlin's injury was the result of the accident. Another physician, who evaluated Tomlin at the request of defense counsel, was not called to testify at trial. Tomlin was permitted to draw an adverse inference from that physician's failure to testify.

The jury found that Guempel was one hundred percent at fault and returned a verdict in the amount of $500.00 in Tomlin's favor. The trial court entered judgment in accordance with the verdict. Tomlin appeals from that judgment.

In her points on appeal, Tomlin claims the trial court erred in denying her motion for additur (Point I), or in the alternative her motion for new trial (Point II). She contends that in light of the undisputed evidence that her medical expenses and lost wages totaled about $21,000.00 and in light of the jury's finding that Guempel was one hundred percent at fault, the award of damages was inadequate to compensate her for her damages.

■ We first address Tomlin's claim that the trial court erred in denying her a new trial on the issue of damages. An appellate court will reverse the trial court's denial of a new trial on the basis of the inadequacy of the jury's award of damages only if it finds that the trial court abused its discretion. *Morgan Pub., Inc. v. Squire Pub., Inc.*, 26 S.W.3d 164, 176 (Mo.App. W.D.2000). An abuse of discretion occurs if the jury's "verdict is so shockingly inadequate as to indicate that it is a result of passion and prejudice or a gross abuse of its discretion." *Leasure v. State Farm Mut. Auto. Ins. Co.*, 757 S.W.2d 638, 640 (Mo.App.1988). The size of the jury's award alone does not establish that it resulted from bias or passion. *Morgan Pub.*, 26 S.W.3d at 176. Rather,

the party claiming the inadequacy of a verdict must demonstrate that some trial error or misconduct of the prevailing party was responsible for prejudicing the jury. *Id.*

In the present case, however, Tomlin does not demonstrate any trial error or misconduct that prejudiced the jury, causing it to award her only $500.00 in damages. Nor does she show that the verdict was the result of a gross abuse of the jury's discretion.

■ Furthermore, the determination of damages is principally the jury's decision. *Havel v. Diebler*, 836 S.W.2d 501, 504 (Mo. App. W.D.1992). The jury is vested with the discretion to enter a verdict for damages it finds reasonably necessary to compensate a plaintiff for injuries resulting from an accident. *Id.* It is the jury's duty to judge the credibility of witnesses and to weigh and value a witness's testimony. *Id.* The jury's discretion includes accepting or rejecting all or part of the plaintiff's claimed expenses. *Id.*

■ Here, the evidence regarding the accident was that the impact was minor and there was no physical damage to either of the vehicles involved. Immediately following the accident, Tomlin stated that she was fine, as was her daughter. The pain in Tomlin's shoulder, which she experienced the day after the accident, increased as she was undergoing physical therapy. An MRI, taken after physical therapy sessions, revealed a rotator cuff tear. In addition, Tomlin's counsel, both in his opening statement and in his closing argument, stated that 99 out of 100 times no one was injured as a result of the type of impact occurring in this accident. The jury could have believed that Tomlin suffered little or no injury as a result of the accident in question. The trial court did not abuse its discretion in refusing to

grant her a new trial. Tomlin's second point is denied.

■ Tomlin also claims that the trial court erred in failing to grant her request for additur. The doctrine of additur provides that the trial court "may increase the size of a jury's award if the court finds that the jury's verdict is inadequate because the amount of the verdict is less than fair and reasonable compensation for plaintiff's injuries and damages." Section 537.068, RSMo (2000). The purpose of additur is to correct a jury's honest mistake in ascertaining damages. *Morgan Pub.*, 26 S.W.3d at 176. Additur has two components: (1) finding that a new trial is required, (2) unless the defendant consents to increasing the judgment. *Tucci v.. Moore*, 875 S.W.2d 115, 116 (Mo. banc 1994). Having found that the trial court did not abuse its discretion in denying Tomlin's motion for new trial, the first component of additur is not met. The trial court did not abuse its discretion in denying Tomlin's request for additur. Tomlin's first point is denied.

The judgment of the trial court is affirmed.

CLIFFORD H. AHRENS, Presiding Judge and JAMES R. DOWD, Judge: Concur.