Jane A. ROOT, Craig R. Root, Albert A. Oleson, and Annabelle J. Oleson, Appellants,

v.

Len E. MANLEY, Respondents.

No. ED 81045.

Missouri Court of Appeals, Eastern District, Northern Division.

Nov. 26, 2002.

GLENN A. NORTON, Judge.

Jane Root, Craig Root, Albert Oleson and Annabelle Oleson (collectively "plaintiffs") appeal the judgment denying their motion for a new trial or, in the alternative, additur, after a jury verdict in their favor in their action for personal injuries. We affirm.

## I. BACKGROUND

In this jury-tried case, we review the evidence and reasonable inferences in a light most favorable to the jury's verdict, disregarding evidence to the contrary. *Dubinsky v. U.S. Elevator Corp.*, 22 S.W.3d 747, 749 (Mo.App. E.D.2000). Jane Root was driving her vehicle, in which the other plaintiffs were passengers, when she was rear-ended by a vehicle driven by Len Manley. Root's car then struck the car in front of hers. The plaintiffs went to the emergency room by ambulance, where they were treated and released. Albert and Annabelle Oleson received no further medical treatment. Craig Root was seen by a physician on one other occasion six months following the accident.

Before the accident, Jane Root had suffered from back problems for which she had surgery and other medical care. About six or seven months after the accident she again saw a doctor for back problems. About a year after the accident, Jane Root was seen by another doctor. She continues to see that doctor as needed for back problems.

Plaintiffs filed a petition against Manley claiming negligence. A jury found Manley liable to all four plaintiffs and awarded damages to each of them. Plaintiffs filed a motion for a new trial or, in the alternative, additur, claiming that the amounts the jury awarded were grossly inadequate and failed to provide for their pain and

Brett K. Gorman, Quincy, IL, for appellant.

James E. Cary, Hannibal, MO, for respondent.

suffering. The trial court denied plaintiffs' motion.

## II. DISCUSSION

■ We will reverse the trial court's denial of a new trial on the basis of an inadequate jury award only if we find that the trial court abused its discretion. *Tomlin v. Guempel*, 54 S.W.3d 658, 659 (Mo. App. E.D.2001). An abuse of discretion only occurs if the verdict is so "shockingly inadequate" that it indicates that the verdict is a result of the jury's "passion and prejudice or a gross abuse of its discretion." *Id.* "The day is past when Missouri appellate courts closely scrutinize amounts awarded by juries for personal injuries." *Bilderback v. Skil Corp.*, 856 S.W.2d 73, 76 (Mo.App. E.D.1993). The jury's broad discretion in the awarding of damages is conclusive on appeal, especially when the verdict has been approved by the trial court in an order overruling a motion for new trial. *Id.* The party claiming that the verdict is inadequate must demonstrate that a trial error or misconduct of the prevailing party prejudiced the jury. *Tomlin*, 54 S.W.3d at 660.

### A. Pain and Suffering

■ The ultimate test for a jury verdict is what fairly and reasonably compensates the plaintiff for the injuries sustained. *Seabaugh v. Milde Farms, Inc.*, 816 S.W.2d 202, 211 (Mo. banc 1991). The jury is required to evaluate the plaintiffs' injuries as well as the plaintiffs' pain and suffering, and express that evaluation in terms of monetary compensation. *See Graeff v. Baptist Temple of Springfield*, 576 S.W.2d 291, 302 (Mo. banc 1978). In conducting that evaluation, the jury is charged with the task of weighing witness credibility and testimony, and the amount of damages awarded falls primarily within

their discretion. *Wright v. Long*, 954 S.W.2d 470, 472 (Mo.App. W.D.1997).

Plaintiffs rely heavily on *Davidson v. Schneider*, contending that the general rule is that awards of medical expenses without compensation for pain and suffering are invalid. 349 S.W.2d 908 (Mo.1961). *Davidson* does state that it is the "generally accepted view" that awards of medical expenses without an award for pain and suffering should be "set aside almost as a matter of course." *Id.* at 913. However, the Supreme Court went on to state that the jury *may* consider numerous things in its verdict, only one of which is "pain and suffering of the body and mind." *Id.* In upholding the jury's award, the Court stated that the "verdict can be reasonably accounted for on the theory that the jury believed only enough of plaintiff's evidence to fix liability." *Id.*

■ In this case, the jury was presented with evidence concerning all four plaintiffs' medical costs as well as pain and suffering. The Olesons testified to their medical costs and to their pain and suffering. In returning awards only for the Olesons' medical bills, the jury may have chosen to disbelieve the Olesons' testimony concerning pain and suffering. Craig Root presented evidence of medical costs related to two different trips to the hospital, one immediately following the accident and one several months later. He also testified to his pain and suffering. The jury returned an award for Craig Root that was exactly the amount of his medical bills for his first trip to the hospital. The jury could have believed that the second trip to the hospital was unnecessary, or that it was unrelated to the car accident. As they may have with the Olesons, the jury could have believed that Craig Root's pain and suffering was minimal or non-existent.

■ While Jane Root claimed damages of several thousand dollars in medical bills

and as much as $45,000 in pain and suffering, the jury returned a verdict of $957.23—exactly $100 more than the bills from her visit to the emergency room on the day of the accident. There was significant evidence presented at trial that a pre-existing back condition could have accounted for Jane Root's pain. The jury very well may have attributed the other medical bills to the pre-existing condition. The jury could have believed that Jane Root was injured as a result of the car accident without believing that all of the medical bills were associated with those injuries. The jury also may have concluded that $100 was fair and reasonable compensation for her pain and suffering as a result of the accident.

The award of damages in this case is supported by the evidence presented at the trial. It is not so grossly inadequate that it indicates jury passion or prejudice. As in *Davidson*, the jury may have found "from the conflicting evidence that the [plaintiffs'] complaints were all subjective" and in the end awarded them their "actually established financial losses." *See Davidson*, 349 S.W.2d at 913. Nothing in the record indicates a trial error or misconduct of the prevailing party that prejudiced the jury. The trial court did not abuse its discretion when it denied plaintiffs' motion for a new trial.

**B. Additur**

The plaintiffs contend that the trial court erred in not increasing the verdict by way of additur. To sustain a motion for additur, the trial court must determine that either a new trial is warranted for good cause or that the verdict is against the weight of the evidence. *Massman Const. Co. v. Missouri Highway & Transp. Com'n*, 914 S.W.2d 801, 803 (Mo. banc 1996). The purpose of additur is to correct a jury's honest mistake in fixing damages. *Id.* An appellate court will reverse the denial of a motion for additur if it finds that the jury verdict was so "inadequate that it shocks our conscience and convinces us that both the jury and the trial judge abused their discretion." *Calarosa v. Stowell*, 32 S.W.3d 138, 147 (Mo. App. W.D.2000).

We have already concluded that the jury's verdict was not inadequate and that the trial court did not abuse its discretion in determining that a new trial was not warranted. Therefore, the trial court did not abuse its discretion in denying plaintiffs' motion for additur.

Plaintiffs' point is denied.

## III. CONCLUSION

The judgment is affirmed.

LAWRENCE E. MOONEY, C.J. and CLIFFORD H. AHRENS, J. concurring.