

# Missouri Court of Appeals

## Southern District

### In Division

| | | |
|---|---|---|
| IN THE INTEREST OF: | ) | |
| P.S.A., | ) | |
| A minor child under seventeen years of age, | ) | |
| | ) | |
| GREENE COUNTY JUVENILE OFFICE, | ) | |
| | ) | |
| Respondent, | ) | No. SD38461 |
| | ) | |
| v. | ) | **Filed: September 6, 2024** |
| | ) | |
| C.R.A., | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Daniel R. Wichmer, Judge

### **AFFIRMED**

Following a trial, the trial court entered a judgment terminating parental rights of C.R.A. ("Father") to his child, P.S.A. ("Child"), on the grounds of parental unfitness, neglect, and failure to rectify, and determined termination was in Child's best interest.[1] The language in the trial court's judgment was identical to the language in the proposed judgment submitted by the Greene County Juvenile Office ("JO"). Father appeals from the trial court's judgment in a single point. Father raises no issues with the trial court's determination of the statutory grounds for termination nor that termination was in the

---

[1] The parental rights of Child's Mother were also terminated, but she is not a party to this appeal.

best interest of the Child.  Instead, Father's sole point on appeal attacks the form of the trial court's judgment, arguing the trial court's verbatim adoption of the proposed judgment constitutes error because the trial court "did not exercise independent discretion and consideration of the evidence."  This type of claim, that the form of the judgment is defective, *must* be raised in a post-trial motion in order to be preserved for appellate review.  *See* Rule 78.07(c).[2]  Father failed to preserve this claim as he did not raise it in a post-trial motion, so we may only review for plain error.  Because Father's claim makes no facial showing of manifest injustice or miscarriage of justice, we decline to grant such review.  The judgment is affirmed.

## The Evidence

Child came into the care and custody of Missouri Children's Division ("CD") three days after being born due to concerns about Father's substance abuse issues, unstable housing, criminal history, and domestic violence issues involving Mother.[3]  Since then, Child had been under the care and supervision of the juvenile court and in the temporary custody of CD.

Throughout the course of the case, Father failed to address his domestic violence issues, substance abuse issues, and lack of housing.  While both parents had housing for a few months at the beginning of the case, both had been homeless for months while the case was pending.  At the time of trial, Father was in the Missouri Department of Corrections for two criminal offenses, including a domestic violence offense committed against Mother.

Before being incarcerated, Father was given opportunities to address his anger issues.  Instead of taking advantage of these opportunities, Father denied he had anger

---

[2] All rule references are to Missouri Court Rules (2023).

[3] The trial court took judicial notice of several cases involving Father, including five criminal cases, and three order-of-protection cases.

2

issues that needed to be addressed. Father was referred to individual therapy and couples counseling, but participated in only one individual counseling session. Father was also referred to an anger management course but failed to attend the course. While Child was in protective custody, Father was involved in an incident where neighbors called the police because he and Mother were fighting. Following that incident, Mother told a CD caseworker there had been "multiple times there had been domestic violence" between Father and Mother.

Father also failed to address his substance abuse issues. At the end of June 2022, over half a year since Child had been taken into protective custody, Father was still drinking and using marijuana. Father was referred to a drug recovery program but did not complete it. While Child was in custody, there were a number of times Father tested positive for marijuana and alcohol.

Child's caseworker and guardian ad litem ("GAL") recommended Father's parental rights be terminated and that termination was in Child's best interest. Child's GAL explained:

> Thank you, Your Honor. I have been the . . . the GAL, in this case since [Child] came into care and, unfortunately, even though we've had a variety of caseworkers, [Mother] and [Father] have failed to take advantage of any of the services that have been offered by any of the caseworkers. So we've offered substance abuse treatment, offered counseling. We've offered [drug testing]. We've offered referrals for domestic violence and anger management and FSTs and visitation and, unfortunately, none of the services have been taken by [Mother] or [Father]. [Father] has not been incarcerated the entire time this child has been in care. He had the opportunity while he was not incarcerated to participate in drug treatment and counseling and other services offered and just simply failed to do so. Those -- those services would have been provided to both [Mother] and [Father] for free. This is a young child who desperately needs permanency. She's currently placed with family members. She's thriving in their care. Her needs are being addressed. At this point, I don't see that either [Mother] or [Father] are in a better circumstance than they were to take care of this little child than she was when she came into care at her birth[.] . . . And at this point, we've got one parent incarcerated and the other parent decided not to show up for our hearing today. I do believe that it would be in [Child's] best interest for termination to occur on [Mother] and [Father] and for [Child] to be free for adoption by an appropriate person.

3

Following the evidence, the trial court announced it would take Father's case under advisement. On January 31, 2024, JO filed a proposed judgment.

## The Judgment and Post-Trial Motions

On February 1, 2024, the trial court entered its judgment terminating Father's parental rights. The judgment was identical to the proposed judgment submitted by JO one day earlier. The judgment included specific findings on the statutory grounds of termination and best interest of Child as required by statute. Father filed a motion for new trial, but that motion did not claim the trial court erred in adopting the proposed judgment. Now, on appeal, Father argues the trial court erred in adopting the proposed judgment submitted by JO because of a failure to "exercise independent discretion and consideration of the evidence."

## Analysis

Before we can address the merits of Father's claim, we must first decide if the claim is preserved. Rule 78.07(c) requires allegations of error relating to the form or the language of the judgment must be raised in a motion to amend the judgment in order to be preserved for appellate review. Father argues he was not required to raise his claim in a post-trial motion because he is not actually challenging the form of the judgment but is challenging the trial court's lack of independent consideration. We reject that characterization. A claim that a trial court should not have relied on a proposed judgment *is* a claim that the form of the judgment is defective. ***Pickering v. Pickering***, 314 S.W.3d 822, 830 (Mo. App. W.D. 2010). "Such defects must be cited in a motion to amend the judgment; otherwise, they are abandoned." ***Id.*** This makes sense because it gives the trial court an opportunity to correct the alleged defect without appellate court intervention. *See **Smith v. Brown & Williamson Tobacco Corp.***, 410 S.W.3d 623, 640 (Mo. banc 2013) (explaining the purpose of preservation rules is to

4

give the trial court the opportunity to correct its own errors without appellate intervention).

Father did not give the trial court the opportunity to correct the alleged defect, so his claim is not preserved for appellate review.[4]  Pursuant to Rule 84.13(c), we may review unpreserved claims of plain error affecting substantial rights when the Court finds manifest injustice or miscarriage of justice has resulted therefrom.  "Plain error review, however, rarely is granted in civil cases."  *Interest of J.C.S.*, 658 S.W.3d 260, 265 (Mo. App. S.D. 2023) (quoting *Mayes v. Saint Luke's Hosp. of Kansas City*, 430 S.W.3d 260, 269 (Mo. banc 2014)).  "If there is no facial showing of manifest injustice or miscarriage of justice, appellate courts should decline to exercise plain error review."  *State v. Rost*, 690 S.W.3d 573, 590 (Mo. App. S.D. 2024).

Father does not claim the trial court's use of the language in JO's proposed judgment resulted in a manifest injustice or miscarriage of justice.[5]  Instead, he acknowledges the practice itself is not *per se* error, but argues for a change in the existing law—that such a practice of adopting a proposed judgment verbatim *should* be *per se* erroneous.[6]  Such an argument is dead on arrival under plain-error analysis since it

---

[4] Father requests plain error review if we reject his argument that he was not required to raise his claim in a post-trial motion.

[5] In support of his argument that the trial court failed to exercise its independent judgment, Father points out both the proposed judgment and final judgment make the finding that Father failed to send letters to the caseworkers or Child while he was incarcerated.  Father then directs us to the portions of the transcript where the caseworkers testified to receiving a letter or letters from Father while he was incarcerated.  This is the only inconsistency between the evidence and the judgment Father directs us to and Father "concedes that this factual inaccuracy is insufficient in itself to merit reversal under this Court's standard of review" in *Houston v. Crider*, 317 S.W.3d 178 (Mo. App. S.D. 2010).

[6] While it is not *per se* error for a trial court to adopt a proposed judgment verbatim, the practice is not encouraged.  As the Eastern District of our Court explained:

> The verbatim adoption of a proposed judgment or order has been routinely criticized by Missouri courts.  *Nolte v. Wittmaier,* 977 S.W.2d 52, 57 (Mo. App. E.D. 1998).  We agree with our Supreme Court that "when a court adopts in its entirety the proposed findings of fact and conclusions of law of one of the parties, there may be a problem with the appearance.  The judiciary is not and should not

neither claims clear, evident, and obvious error, nor demonstrates a manifest injustice or miscarriage of justice. We decline to exercise our discretion to engage in plain-error review.

**Conclusion**

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS

---

be a rubber-stamp for anyone." *State v. Griffin,* 848 S.W.2d 464, 471 (Mo. banc 1993). Instead, "[t]rial judges are well advised to approach a party's proposed order with the sharp eye of a skeptic and the sharp pencil of an editor." *Nolte,* 977 S.W.2d at 58, *quoting Massman Constr. Co. v. Mo. Highway & Transp. Comm'n,* 914 S.W.2d 801, 804 (Mo. banc 1996). Thus, a trial court should receive proposals from the parties and then prepare its own specific findings of fact, conclusions of law, and judgment. *Id.* However objectionable we consider this practice, "the verbatim adoption of a party's proposed findings of facts and conclusions of law is not per se erroneous." *Id., citing Ulreich v. Kreutz,* 876 S.W.2d 726, 728 (Mo. App. E.D. 1994). Though this is not a favored practice, it does not constitute reversible error in and of itself. *Crow v. Crawford & Co.,* 259 S.W.3d 104, 113 (Mo. App. E.D. 2008).

**Neal v. Neal**, 281 S.W.3d 330, 337-38 (Mo. App. E.D. 2009).

6