2006 ME 59

**Linda S. PROVENCHER**

v.

**Peter M. FAUCHER.**

Supreme Judicial Court of Maine.

Argued: April 11, 2006.

Decided: May 19, 2006.

Benjamin R. Gideon (orally), Berman & Simmons, P.A., Lewiston, for plaintiff.

Robert V. Hoy (orally), Hoy & Main, P.A., Gray, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

SILVER, J.

[¶ 1] Linda S. Provencher appeals from a judgment of the Superior Court (Androscoggin County, *Gorman, J.*) denying her motion for a new trial or, in the alternative, for additur, following a jury verdict of $6787.25 in her favor. Provencher argues that the jury's total damages award of $11,312.08, reduced to $6787.25 to account for her comparative fault, is inconsistent and, therefore, invalid because it exactly matches her stipulated medical expenses. We affirm the judgment.

## I. BACKGROUND

[¶ 2] The jury could have found the following facts. On March 21, 2001, Provencher's vehicle was rear-ended by a vehicle driven by Peter M. Faucher, causing minimal apparent damages to each party's

respective vehicle. After the accident, Provencher went to the emergency room, complaining of neck pain and soreness. She was diagnosed with cervical strain and underlying degenerative joint disease, but her x-rays did not reveal any injury to her cervical spine. She treated with her regular physician two days after the accident and was initially told that her neck pain would "take a few weeks to resolve."

[¶ 3] Provencher subsequently treated with Dr. Stephan Bamberger, a specialist in physical and rehabilitative medicine. Dr. Bamberger examined the x-rays taken of Provencher's neck following the accident and did not note any changes evident to her spine or cervical spine when compared with x-rays taken prior to the accident. From April to July 2001, Dr. Bamberger's treatment regimen was relatively conservative, prescribing various medications for pain and recommending massage therapy. Provencher did not see Dr. Bamberger again until April 2002, when she returned to discuss the possibility of facet injections for pain relief. Dr. Bamberger also prescribed a series of rhizotomies. These procedures helped Provencher to manage her pain for brief periods.

[¶ 4] When asked his opinion concerning Provencher's neck, Dr. Bamberger opined that her accident with Faucher aggravated her prior condition but that her prior condition could have caused some of the pain she experienced after the accident. Provencher had herniated two cervical disks and had a diskectomy in 1997, and she was involved in an automobile accident in 1998, which led to her treating with Dr. Bamberger. Dr. Bamberger testified that, after examining an x-ray in March 1999, he noted disk degeneration in her cervical spine,

and following a July 1999 MRI scan, he confirmed this diagnosis and found mild focal stenosis in her cervical spine as well. Dr. Bamberger discharged her from his care in July 1999. Even after her prior treatment with Dr. Bamberger concluded, Provencher still suffered occasional neck pain and stiffness that required over-the-counter medications.

[¶ 5] At trial, the parties stipulated that Provencher's medical expenses following the accident were $11,312.08.[1] Following the trial, the jury found that Provencher was negligent in bringing about the accident, but that her negligence was less than Faucher's.[2] The jury further found Provencher's total damages to be $11,312.08, reducing this amount to $6787.25 because of her significant comparative fault. After judgment, the court denied Provencher's motion for a new trial and/or additur, holding that the "jury's assessment of damages does not reflect any impropriety and, contrary to counsel's argument, is not 'irrational,' given the evidence of pre-existing symptoms and complaints."

## II. DISCUSSION

### A. Standard of Review

[¶ 6] We review the trial court's denial of a motion for a new trial and/or additur for "a clear and manifest abuse of discretion," reviewing the evidence in the light most favorable to the verdict. *Chenell v. Westbrook Coll.*, 324 A.2d 735, 737 (Me.1974) (emphasis omitted); *see also Binette v. Deane*, 391 A.2d 811, 814–15 (Me. 1978). We "will not set verdicts aside on the ground that the damages are excessive or inadequate unless it is apparent that the jury acted under some bias, prejudice or

---

1. The parties did not, however, stipulate as to causation relative to the medical expenses, i.e., that all the medical expenses were proximately caused by the accident.

2. Neither party has appealed the jury's negligence determinations.

improper influence, or [has] made some mistake of fact or law" because the "assessment of damages is the sole province of the jury." *Pelletier v. Fort Kent Golf Club*, 662 A.2d 220, 224 (Me.1995) (quotation marks omitted). Therefore, the jury's "award will stand in the absence of a demonstration that it acted improperly." *Id.*; *see also Walter v. Wal–Mart Stores, Inc.*, 2000 ME 63, ¶¶ 35–36, 748 A.2d 961, 973 (upholding a jury verdict of $479,000 for pain and suffering because it was supported by the evidence presented at trial).

### B. The Jury's Damages Award

[¶ 7] Provencher argues that it is "beyond dispute" that the jury's award of total damages consisted solely of medical expenses because it matched her stipulated medical expenses to the penny. Provencher argues that the verdict is irrational and inconsistent because the jury determined that Faucher proximately caused the accident and her injuries. Provencher concludes that the jury cannot, on the one hand, acknowledge causation, her injuries and concomitant pain, and the need for pain-relief forms of treatment, and then, on the other hand, not award her damages for pain and suffering. In other words, Provencher claims that the jury could not have believed that she was injured—which it apparently did—without also believing that she suffered some pain and suffering as a result of the accident.

[¶ 8] We disagree that the jury's total damages award was necessarily an award of medical expenses alone. We note first that Provencher's conclusion is far from

apparent given the verdict form used here. The jury was asked to determine Faucher's negligence; Provencher's negligence, if any; Provencher's *total* damages if her negligence was less than or equal to Faucher's; and Provencher's reduced damages if she was negligent. The verdict form asked the jury to list Provencher's *total* damages, if any; the jury was not asked to itemize damages by category. Thus, it is difficult to tell from the face of the verdict form whether the jury actually awarded Provencher only her medical expenses or whether it intended to award some amount for pain and suffering.[3]

[¶ 9] In reviewing a verdict such as this one, "the existence of controverting evidence is the key to whether the jury acted properly or produced a verdict based on an erroneous understanding of the law or the instructions." *Bowers v. Sprouse*, 254 Va. 428, 492 S.E.2d 637, 640 (1997) (Lacy, J., dissenting). This review respects the jury's role in determining damages and the traditional deference given to that determination. *See Pelletier*, 662 A.2d at 224.

[¶ 10] In this case, the jury could have believed that Provencher was injured in the accident without believing that all of her medical expenses were solely associated with the accident. There was evidence that Provencher's degenerative disk disease could have accounted for part of the pain she felt after the accident. Indeed, Provencher testified that before the accident she still, on occasion, felt pain and stiffness in her neck from her pre-existing

---

3. In a case such as this one, counsel makes a strategic decision to ask the jury to list only total damages versus having it itemize damages according to whether the damages are for medical expenses, lost wages, pain and suffering, etc. There are reasons for counsel to ask only for damages to be listed in lump sum, and, conversely, there are reasons for counsel to ask the jury to itemize damages by category. When counsel makes the strategic decision to ask for total damages only, a court reviewing the award may be placed in the difficult position of having to parse out the different categories of damages that could be included in the award.

problems and medicated herself to deal with that pain. Accordingly, the jury could have believed that at least part of the reason that Provencher sought pain-relief treatment following the accident was due to her pre-existing condition. Thus, the jury could have decided to exclude some of her medical expenses from its award and award her some amount for the pain and suffering she experienced as a result of this accident. In other words, the "[a]ward of the damages claimed may have been a convenient means by which the jury included damages for pain and suffering ... while disallowing some of the claimed damages." *Wright v. Long,* 954 S.W.2d 470, 473 (Mo.Ct.App.1997) (per curiam); *see also Symon v. Burger,* 528 N.E.2d 850, 852–53 (Ind.Ct.App.1988). Consequently, we cannot say that the court exceeded the bounds of its discretion in deciding that the jury did not act improperly in awarding Provencher damages as it did.

[¶ 11] Because we hold that the damages award here may have included a sum intended to compensate Provencher for pain and suffering, we need not address her remaining arguments.

The entry is:

Judgment affirmed.