STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, SS.                                         CIVIL ACTION
                                                        DOCKET NO. CV-07-215
                                                        TED- CUM - 1/2/2009

EDWARD T. MURRAY,

           Plaintiff

v.                                                      **DECISION AND ORDER**

KEVIN A. BERG,

           Defendant


## I. BACKGROUND

This is an action for damages for personal injuries arising out of a motor vehicle accident in Westbrook on February 12, 2005. The plaintiff's complaint was filed with the court on April 19, 2007; however, a notice of claim was served on defendant Kevin Berg no later than July 8, 2005.[1]

At trial, liability and causation for Murray's injuries were stipulated. The jury returned a unanimous verdict (9-0) in favor of the plaintiff in the amount of $36,379.78. The court subsequently entered judgment for plaintiff in that amount plus interest and costs, subject to any limitations of an offer of judgment by defendant. M.R. Civ. P. 68.

On May 20, 2008 the defendant made a timely formal offer of judgment to plaintiff "in the amount of $110,000, inclusive of all interest and costs accrued to date."

Under the terms of Rule 68, the plaintiff Edward Murray, even though he is the prevailing party, may not recover costs incurred after the date of the offer because the verdict was less favorable than the offer.

---

[1] *See* affidavit of Philip P. Mancini, Esq.

The plaintiff has now moves to strike the offer of judgment on grounds that it does not comply with Rule 68, and has also moved for additur, M.R. Civ. P. 59(a), or for a new trial on damages. He has also filed a Bill of Costs and claim for pre-judgment and post-judgment interest pursuant to the judgment and relevant statutes and rules.

## II. ADDITUR, NEW TRIAL

It is clear that plaintiff and his attorney have a different view of the value of damages for plaintiff's injuries.

Damages for pain, suffering, loss of enjoyment of life, and permanent impairment are not calculable to any certainty. When a plaintiff files a motion for additur or a new trial substantial deference must be afforded to the judgment of the jury. The jury verdict "must be construed in the light most favorable to the jury verdict, and a damage award will not be overturned unless it is without rational explanation. *Walter v. Wal-Mart Stores, Inc.*, 2000 ME 63, ¶ 35, 748 A.2d 961, 973. It is for the jury, not a court, to determine the degree of credibility to which witnesses are entitled." *Anderson v. O'Rourke*, 2008 ME 42, ¶ 16, 942 A.2d 680, 685.

The plaintiff's rosy recitation of the evidence utterly fails to recognize the impeaching evidence presented by the defendant. Even if all the plaintiff's evidence was uncontroverted as claimed, the jury is not bound to accept it.

The verdict of the jury is rational and is not "so manifestly or clearly wrong that it is apparent that the conclusion . . . was the result of prejudice, bias, passion or mistake of fact." *Provencher v. Faucher*, 2006 ME 59, ¶ 6, 898 A.2d 404, 406.

2

## III. OFFER OF JUDGMENT

The court agrees with plaintiff that an offer of judgment must be clear and unambiguous. *See Kirkland v. Sunrise Opportunities*, 200 F.R.D. 159, 163 (D. Me. 2001). Even if, as plaintiff suggests, "the prevailing trend is for courts to [interpret an] offer of judgment against the defendant who drafted the offer," the written offer in this case is clear and unambiguous.

> "The defendant hereby offers to have judgment entered against him in favor of the plaintiff, Edward Murray, in the amount of $110,000, *inclusive of all interest and costs accrued to date.*" (Emphasis added.)

The plaintiff cites Rule 68 that states "with costs then incurred" as being the required standard. This is a distinction without a difference. Plaintiff's motion is without merit.

## IV. BILL OF COSTS

The plaintiff has filed an itemized Bill of Costs and claim for pre-judgment and post-judgment interest pursuant to statute. The defendant claims that both are subject to the Rule 68 limitations.

Costs are allowed by statute and rule. *See* 14 M.R.S. §§ 1502-B, *et seq.*, and M.R.Civ.P. 54. Interest on a judgment is solely by separate statute. *See* 14 M.R.S. §§ 1602-B and 1602-C and M.R.Civ.P. 54. The Rule 68 consequences for failure to meet or exceed an offer of judgment are limited to an exclusion of costs only[2] that are incurred after the presentation of the offer.[3]      In addition to objecting to the Motion to Strike the Offer of Judgment, the defendant also objected to several specific items in the Bill of Costs. 14 M.R.S.A. § 1502-D provides that when a party objects to a Bill of Costs, the

---

[2] "If the judgment finally obtaine4d by the offeree is not more favorable than the offer, the offeree must *pay the costs* incurred after the making of the offer." M.R.Civ.P. 68. (Emphasis added)

[3] The offer was dated May 20, 2008, and received on May 21, 2008.

3

presenting party shall provide appropriate documentation. The plaintiff has not supplemented the Bill of Costs.

The court approves plaintiff's Bill of Costs as follows:

**PART A**

| | | |
|---|---|---|
| 4-16-07 | Filing fee | $ 120.00 |
| 4-23-07 | Service of Process | 42.39 |
| 10-10-07 | Mediation fee (M.R. Civ. P. 16B) | 321.75 |
| 6-11-08 | Travel expense to jury selection and trial: Excluded pursuant to Rule 68 | 0.00 |
| | Summons and complaint | 5.00 |
| **Part A subtotal** | | $ 489.14 |

**PART B**

| | | |
|---|---|---|
| 2006-07 | Medical reports | $ 135.75 |
| 3-06 | Dr. Markellos's P.I. report: Excluded pursuant to 14 M.R.S. § 1502-D | 0.00 |
| 6-11-08 | Trial exhibits and visual aids: Excluded pursuant to Rule 68 (n.b. no other dates were provided upon which the court could find that the costs were incurred prior to the date of the offer of judgment) | 0.00 |
| Depositions | | |
| 7-9-07 | Alley & Morrisette (defendant) | 284.00 |
| 7-31-07 | Alley & Morrisette (plaintiff) | 136.00 |
| 11-8-07 | Alley & Morrisette (Dr. Pomeroy) | 140.50 |
| 6-9-08 | Dr. Markellos–all fees for depositions and expert witness fees excluded–Rule 78 | 0.00 |
| **Part B subtotal** | | $ 696.25 |
| **Total costs allowed** | | $ 1185.39 |

4

## V. INTEREST

Rule 68 is silent as to payment or non –payment of interest: The court therefore concludes that no penalty is assessed as to interest when a Rule 68 offer is not met or exceeded.

The plaintiff is entitled to pre-judgment interest at the rate of 5.77% from July 8, 2005, to June 11, 2008.[4]

The plaintiff is entitled to post-judgment interest at the rate of 9.42% from June 11, 2008 to the date of satisfaction.

## VI. ORDERS

The clerk will make the following entries as the Order of the court:

A.    Plaintiff's motion for additur or a new trial is denied.

B.    Plaintiff's motion to strike the offer of judgment is denied.

C.    The court approves costs for plaintiff in the amount of $1,185.39.

D.    Plaintiff is entitled to pre-judgment interest at the rate of 5.77% from July 8, 2005, to June 11, 2008.

E.    Plaintiff is entitled to post-judgment interest at the rate of 9.42% from June 11, 2008, to the date of satisfaction of the judgment.

SO ORDERED.

DATED: December 29, 2008

Thomas E. Delahanty II
Justice, Superior Court

---

[4] The original judgment dated June 27, 2008 allowed pre-judgment interest at 7.99%. That is in error. An amended judgment is being filed with this Order.

5

K OF COURTS
berland County
O. Box 287
Maine 04112-0287

MICHAEL BIGOS ESQ
BERMAN & SIMMONS
PO BOX 961
LEWISTON ME 04243-0961

K OF COURTS
iberland County
.O. Box 287
, Maine 04112-0287

CHRISTOPHER DINAN ESQ
CUMBERLAND COUNTY SUPERIOR COURT
PO BOX 287
PORTLAND ME 04112