STATE OF MAINE                    SUPERIOR COURT
CUMBERLAND, ss.                   DOCKET NO. CV-08-152

2009 APR 15 A 8: 10

DAVID KEARNS,

        Plaintiff


v.                               ORDER ON MOTION FOR ADDITUR/NEW
                                 TRIAL AND BILL OF COSTS


AARON BEAULIEU,

        Defendant


ADDITUR/NEW TRIAL

This matter is before the court on plaintiff's motion for new trial or in the alternative for additur. The jury returned a verdict for plaintiff in the amount of $4,914. Plaintiff points out that his medical costs totaled $3,671.19 and his lost wages totaled $1,237.50, neither of which were disputed by defendant. Plaintiff argues that because the stipulated specials were $4,908.69 and the verdict was for $4,914, the difference between the two, $5.31, does not adequately compensate plaintiff for emotional distress, loss of enjoyment of life, or pain and suffering. Plaintiff asks for an additur of $4,000.

In reviewing the record, the evidence must be viewed in the light most favorable to the verdict. *Provencher v. Faucher*, 898 A. 2d 404, 406 (Me. 2006). The court does not set verdicts aside "on the ground that the damages are excessive or inadequate unless it is apparent that the jury acted under some bias, prejudice or improper influence, or [has] made some mistake of fact or law" because the "assessment of damages is the sole province of the jury." *Pelletier v. Fort Kent Golf Club*, 662 A.2d 220, 224 (Me. 1995)

(quotation marks omitted). Therefore, the jury's award will stand in the absence of a demonstration that the jury acted improperly.

In this case, Kearns was injured in the automobile accident and the jury found both he and the defendant liable for negligence, but did not reduce Kearns damages for his comparative negligence. Although the parties stipulated to medical expenses and lost wages, they did not stipulate to causation. The verdict form also did not ask the jury to list anything but Kearns' total damages. Thus, it is not possible to know on what the jury based its damages award and whether the jury intended to award all or a portion of his medicals, all or a portion of his lost wages and/or some amount for pain and suffering.

The jury could have found that Kearns was walking around immediately after the accident on Saturday, November 3, 2007. Although he complained of injury to his neck, back and right shoulder and visited the emergency room right after the accident, chest, thoracic and cervical spine x-rays administered at the emergency room all returned normal and showed "no injuries". Before the accident, he complained of soreness in his shoulder from his work at the golf course. He returned to work the next Monday after the accident but he ached and could not perform the job. He had some blurry vision and headaches for about one to two weeks after the accident. He only saw his physician two times, the first time for a referral to physical therapy for two months and the second time for clearance to work. The jury heard evidence that after two months of physical therapy, he had made excellent progress. He returned to officiating hockey games approximately three to four weeks after the accident. He returned to work as a land surveyor after his physical therapy in early January 2008. And, Kearns testified that he had no meaningful lingering effects from the accident. On this conflicting evidence, the jury could have

disallowed a portion of some of his medical expenses and awarded him some amount for pain and suffering. Regardless, based on this evidence, the court cannot say that the jury acted under some bias, prejudice or improper influence, or made some mistake of fact or law, in rendering its verdict. Accordingly, the motion for new trial and/or additur is denied.

## BILL OF COSTS

Following a final judgment, plaintiffs submitted their bill of costs, to which defendants have objected, at least in part.

Defendant filed an Offer of Judgment in the amount of $6,000 pursuant to M.R.Civ.P. 68 on August 21, 2008. The jury returned a verdict for plaintiff in the amount of $4,914 on February 10, 2009. The court entered Judgment on that verdict on February 12, 2009. By operation of Rule 68, plaintiff is liable for both his costs and the defendant's costs incurred after August 21, 2008. M.R.Civ.P. 68. Accordingly, defendant is awarded his cost incurred after August 21, 2008, which total $464.99. Plaintiff shall be responsible for his own costs incurred after August 21, 2008.

As the prevailing party, plaintiff is entitled to his cost incurred before the offer of judgment on August 21, 2008. However, plaintiff's bill of costs fails to include the dates on which some of his costs were incurred. As such, his bill of costs cannot be acted upon, with the exception of the filing fee of the complaint and service of summons and complaint on the defendant, for a total of costs of $181.60 and his costs connected to ADR as discussed below.

Plaintiff seeks reimbursement in the amount of $247.58 for ADR costs. ADR occurred on August 20, 2008, before the offer of judgment. Maine Rule of Civil

Procedure 54(d) states that "Costs shall be allowed as a matter of course to the prevailing party as provided by statute and by these rules, unless the court otherwise specifically directs...". M.R.Civ.P. 54(d). Furthermore, 54(f) contains a schedule of fees that states "the following schedule of fees shall be taxable as costs' and that schedule includes "costs and fees as allowed to a party or witness by statute or administrative order." M.R.Civ.P. 54(f). Rule 16B(d)(2) further specifies that "fees and expenses paid to the neutral shall be allowed and taxed as costs in accordance with Rule 54(f)." Therefore, plaintiff is also allowed his costs of $247.58 incurred in connection with Rule 16B(d)(2).

Defendant has paid prejudgment and postjudgment interest to plaintiff; therefore, the court will not make a further award of interest.

The entry is:

Plaintiff's motion for new trial and/or additur is denied.
Plaintiff is awarded costs of $429.18.
Defendant is awarded costs of $464.99.

Date: April 14, 2009

_____
Joyce A. Wheeler, Justice

: COURTS
ıd County
ɔx 287
ıe 04112-0287

DEBORAH BUCCINA ESQ
DOUGLAS DENHAM BUCCINA & ERNST
PO BOX 7108
PORTLAND ME 04112-7108

OF COURTS
ɜrland County
). Box 287
ſlaine 04112-0287

CHRISTIAN LEWIS ESQ
HARDY WOLF & DOWNING
PO BOX 3065
LEWISTON ME 04243-3065